By the Court.

This motion cannot prevail. The objection has been often made, and as often overruled. When the party from whom goods were stolen was by law entitled to treble the value, he was always received as a competent witness as to all pertinent facts, (a) That was a higher interest than this in the case at bar. The practice is too well established to be shaken at this day. (b)

Motion overruled.

 [Vide The State vs. Vaughan, 1 Bay. Rep. 282, contra.—Ed.][

 [At common law, when a conviction will enure directly and immediately to the benefit of a prosecutor, he is an incompetent witness. — Howard vs. Shipley, 4 East)
*37 Rep. 180.--Rex vs. Bevan & Others, Ry. & Mood. 242. — Commonwealth vs. Frost, 5 Mass. Rep. 53. — And where a statute gives.a specific remedy to a party injured, he is as much disqualified for a witness in a criminal prosecution, as if he sought the remedy by a civil action. —Starkie, Ev. Part 4. p. 774. — B. N. P. 289. But in many cases, the party injured, or prosecutor, who may derive a benefit from the conviction, is either expressly or by implication rendered competent, by virtue of the act respecting the offence, or the prosecution of it. But in the statute cited by the prisoner’s counsel in the principal case, there is no express provision to that effect, nor any thing from which it may be very clearly inferred. — Ed.]