## BLACKSTONE v. THE STATE.

1. On the trial of an indictment for malicious mischief, under the fifth section of the fourth article of the penal code, the person whose property is injured, is not a competent witness for the State.

Error to the Circuit Court of Tuscaloosa. Before the Hon. T. A. Walker.

THIS was an indictment against plaintiff in error, under the statute, for malicious mischief, &c. The court, in opposition to the objection of the plaintiff, allowed the party whose property was injured, to be examined as a witness for the State, and considering it a novel question, certified as such to this court.

PORTER, for the plaintiff in error.

The prisoner was illegally convicted, on the testimony of Brown, who was the owner of the property, alledged to have been injured. Brown stood as a party in interest; and the testimony of one thus situated, is not allowable. Tilly's Case, 1 Strange, 316; Rex v. Wylliams, 9 Barn. & Cres. 549.

The case of The State v. Truss, 9 Porter, 129, recognises the principle for which I contend, but placed the admissibility of the prosecutor in that case, on the ground that the penalty prescribed by the statute, was alternative. The jury had power to fine or imprison, and unless the first were done, the prosecutor was not benefited. In this case, however, there is no alternative. Fine and imprisonment are awarded; and the fine goes to the party injured. Penal Code, 417, § 5; 418, § 7.

ATTORNEY GENERAL, for the State.

COLLIER, C. J.—In The State v. Truss, 9 Porter's R. 126, the defendant was indicted for malicious mischief, upon the statute which was in force previous to the adoption of the penal code. That statute authorized the jury, if they convicted the accused, to declare the measure of his punishment; *i. e.*, the extent of the fine, and the length of time for which he should be imprisoned, *and to inflict either one or both of these penalties*, in their discretion. The fine was directed to be paid to the party injured, and upon the question whether he was a competent witness for the State, this court was of opinion, that the rule which disqualifies a witness who has a direct interest in the event of the suit, applies as well

to criminal as civil cases. But it was said, if a conviction ensues, it does not necessarily follow, that the party injured will be benefited by this result, for the jury may inflict imprisonment, and omit the fine; as, therefore, no reward necessarily flows from the event of a conviction to the injured party, he is not within the rule. To show the existence of the rule, and its inapplicability to that case, the court cited Tully's Case, 1 Strange's Rep. 316; Rex v. Cole, 1 Esp. R. 169; King v. Wylliams, 9 B. & C. Rep. 549; Hawk. b. 2, ch. 46, § 135. See also 1 Greenl. Ev. § 362, 390, 403, 412 to 415.

Since the decision of the case in 9th Porter, the law, in respect to the offence with which the defendant is charged, has been modified. The fifth section of the penal code, (Clay's Dig. 417,) provides, that if any person shall unlawfully, wilfully and maliciously, kill, or disable, any horse, &c., he shall, on conviction, be fined in a sum equal to five fold the value of the property injured or destroyed, and shall be imprisoned in the county jail for a term not exceeding six months. It is provided by the seventh section of the same chapter, that the fine imposed for the offences embraced by the fifth, shall be paid to the party injured. Id. 418. This modification of the law, makes the imposition of a fine mandatory, and the necessary consequence of a verdict of guilty; and according to the decision, not only of our own court, but the other citations, the circuit court erred in permitting the party whose property was the subject of the malicious mischief, to testify. The judgment is consequently reversed, and the cause remanded, that it may be disposed of according to law.