————O————

N. C. CHAPMAN, et al., Defendants in Error, vs. MIJAMIN TEMPLETON, et al., Plaintiffs in Error.

1. *Limitations, statute of—Adverse possession of land—Payment of taxes.*—The continuous payment of taxes on land is not sufficient of itself to show adverse possession.

2. *Limitations, statute of—Land, adverse possession of—Trespasser—Title, color of.*—A trespasser can acquire title, under the Statute of Limitations, only to so much land as he has the actual possession of; but one claiming under color of title, bona fide obtained, can acquire title to the whole tract, under the said statute, by possession of a part in the name of the whole.

3. *Lands and land titles—Conveyances by parol.*—Since the adoption of the common law in this State, conveyances of land cannot be made simply by parol.

*Error to Louisiana Court of Common Pleas.*

*Minor & Foster*, for Plaintiffs in Error.

*Fagg & Dyer*, for Defendants-in Error.

I. The only purpose for which the tax-deed could have been used at all was to show color of title in the defendants, and inasmuch as they had failed to show possession for ten years, or evidence tending to show that fact, the deed was not competent for any purpose.

II. A donation of the block could not be shown by oral testimony.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for a block of land in the city of Louisiana in Pike County.

The plaintiffs produced a clear paper title. The defendants relied on the statute of limitations, and for this purpose claimed under a tax sale as color of title, and introduced evidence tending to show, that they had in the year 1858 permitted the City of Louisiana to put a hog-pen on the block, about the center of it, which was used by the city for about two years, and then abandoned and went to decay, and was never used or occupied by the defendants.

The evidence tended to show, that the defendants had paid the taxes since they purchased at the tax sale.

The defendants then, merely to show color of title in connection with their possession, offered the tax deed which had been made to them in 1868, reciting the tax certificate of purchase in 1858. This deed was excluded by the court, and the defendants excepted.

They also offered to prove by parol, that the former owner of the block had conveyed it to the Catholic church. This evidence was also rejected, and the defendants excepted.

A verdict and judgment were given for plaintiffs, and the defendants filed a motion for a new trial, which was overruled, and they saved their exceptions, and have brought the case here by writ of error.

The only points relied on for reversal are the rejection of the tax deed, and the exclusion of the parol evidence to prove a conveyance of the block in dispute to the Catholic church·

In regard to the first point it is sufficient to say, that there was no evidence at all offered of continuous, open and notorious adverse possession of any part of the block for ten consecutive years. The continuous payment of taxes of itself is not sufficient to show adverse possession. The title of the real owner of land cannot be transferred to a stranger simply by his payment of the taxes for ten years.

The evidence here shows adverse possession for about two years of a hog-pen twenty by fifty feet in the center of the block, which was then abandoned and went to decay.

The object of showing color of title is to extend the possession of a part of a tract of land so as to include the whole tract. A mere trespasser can only claim the land of which he has the actual possession, so as to acquire title under the statute of limitations. But if he goes into the possession under the color of title, his possession of a part will extend to the whole tract as described in the defective conveyance. To this end a defective conveyance, or a conveyance from one having no title, if *bona fide* taken, may be used in connection with adverse possession of a part of a tract in the name of the whole, so as to acquire title under the statute of limitations. But as no continuous adverse possession was shown of any part of the block for ten years, the court very properly excluded the tax-deed.

Since the introduction of the Common Law into this State conveyances of land cannot be made simply by parol. The court therefore committed no error in rejecting the parol evidence of a transfer by the former owner to the Catholic church.

Let the judgment be affirmed. The other Judges concur.