[Hall v. The State.]

# Hall v. The State.

### Indictment for Larceny.

1. *Witness, rule as to competency of, as affected by interest in criminal cases.*—The rule stated in *Truss* v. *the State*, (9 Porter 126) that witnesses having a direct interest in the event of the suit, are, at common law, disqualified in criminal as well as in civil cases, must be taken with some qualification.

2. *Same.*—Where it is apparent that the detection and conviction of an offender, and not merely gain or indemnification of the person whose rights of person or property have been assailed, are the objects of the legislature, and to secure these a benefit enures from the conviction to an individual, his competency as a witness is not destroyed by the interest thus acquired.

3. *Owner of stolen property; competent witness against thief.*—The owner of stolen property is a competent witness against the thief, notwithstanding the fact that on conviction judgment must be rendered in favor of the owner for the value of the stolen property, if it has not been recovered.

APPEAL from Circuit Court of Coffee.

Tried before Hon. H. D. CLAYTON.

On the trial of appellant, charged with the larceny of certain bank bills and currency belonging to W. R. Sudgrove, the court permitted him, against the objection and exception of defendant, to testify as "a general witness" against the accused; and this is now assigned as error.

W. D. ROBERTS, for appellant.—Sudgrove was directly interested, in a pecuniary point of view, in the conviction of defendant. He was, therefore, incompetent to testify generally in the case. R. C., § 2704. *Northcot* v. *The State*, 43 Ala. 330; *Blackstone* v. *The State*, 15 Ala. 415.

JOHN W. A. SANFORD, Attorney General, *contra.*—A possibility of the recovery of the stolen money is not such an interest in the result of the prosecution as will render the owner incompetent to testify. *State* v. *Cassados*, 1 Nott & McCord, 91; 1 Greenleaf Ev. § 412.

BRICKELL, C. J.—The statute removing interest, as a disqualification of witnesses, is by its terms comfined to suits and proceedings "other than criminal cases." R. C., § 2704. Whatever of doubt or difficulty the question presented by this record is supposed to involve, arises from the decisions, *State* v. *Truss*, 9 Port. 126; *Blackstone* v. *State*, 15 Ala. 415; *Northcot* v. *State*, 43 Ala. 330. These decisions are founded on the statutes for the punishment of malicious mischief,

[Hall v. The State.]

and which awarded to the owner of the property injured the entire fine imposed on conviction. It was apparent that compensation to the owner was the object of the fine. Without the statutes the particular offense would not have been criminal, but a mere trespass, to be redressed in a civil action by the owner for damages. In such action the owner would not at common law be a competent witness. The statute converting it into a misdemeanor, and awarding the pecuniary penalty to the owner, did not take away the competency of a witness, who was competent at common law. He would have been incompetent, if the only remedy the common law provided had been followed, because of his interest. This interest the statute continues as an ingredient of the only judgment rendered on conviction; and it may be, as declared in the decisions to which reference has been made, he is not a competent witness, without affecting the question of the competency of the owner of stolen property as a witness for the State on a prosecution for larceny.

The incompetency is supposed to arise from the statute requiring judgment to be rendered against a defendant on a conviction for larceny, for the value of the property stolen, if it has not been returned to the owner. R. C. § 3709. This judgment is merely incidental to the judgment of conviction, not necessary to its validity, and if omitted, is not an error of which the defendant can complain. *Call* v. *State*, 26 Ala. 17; *Jones* v. *State*, 13 Ala. 153. The rule stated in *State* v. *Truss*, *supra*, that witnesses having a direct interest in the event of the suit are at common law disqualified, in criminal as well as in civil cases, must be received with some qualification. On principles of public policy, it is but seldom that private or personal interests are allowed to produce the exclusion of a witness in a criminal prosecution. On the trial of a slave for a capital offense, the master was a competent witness for him. *Spence* v. *State*, 17 Ala. 192. "The law," said RICE, J., "upon high grounds of public policy, pretermits for a moment the relation of master and slave, takes the slave out of the hands of the master, forgets his claims and rights of property, and gives him the benefit of all the forms of trial which jealousy of power and love of liberty have induced the freeman to throw around himself for his protection." *Elizah* v. *State*, 1 Hum. 102. The principle which controls the question presented, is well expressed by Mr. Greenleaf: "That a witness for the prosecution will be *entitled to a reward from the government* upon conviction of the offender, or to a restoration as owner of the property stolen, or to a portion of the fine or penalty in-

flicted, is not admitted as a valid objection to his competency. By the very statute, conferring a benefit upon a person, who, but for that benefit, would have been a witness, his competency is virtually continued, and he is as much a witness after that benefit as he would have been before." 1 Green. Ev. § 412. The same principle is stated, 3 Phill. Ev. (C. &. N. notes, p. 67) notes, 48 and 49, edition of 1850. In Massachusetts, on a conviction of larceny, the owner was entitled to restitution of his goods; if they were not restored, to satisfaction out of the future earnings of the convict, and to compensation out of the county treasury for his labor and expense in the prosecution; yet he was, on principles of public policy, a competent witness for the prosecution. *Com.* v. *Moulton,* 9 Mass. 30. Under an act of congress punishing larceny committed on the high seas, or in any of the places over which the United States had exclusive jurisdiction, on conviction, the offender was fined not exceeding four-fold the value of the property stolen; the one moiety of which was paid to the owner or to the United States, and the other to the informer and prosecutor, and was publicly whipped. The owner of the property stolen was a competent witness for the prosecution. *U. S.* v. *Murphy,* 16 Pet. 203. The statute, in authorizing a judgment for the value of the property stolen, has no other purpose than to stir up greater vigilance in the prosecution of the offense —to add to the public duty the motive of private interest; it is in view of public interest rather than of private benefit. The interest of the prosecutor or of the owner is introduced, not for his sake, or on his account, but to advance the administration of public justice. To give the statute a construction which would deprive the prosecution of the evidence of the owner, would defeat, not promote the ends of justice. When it is plain, the detection and conviction of the offender are the objects of the legislature, and to secure these a benefit inures from a conviction to an individual, his competency as a witness is not affected because of the interest he thus acquires. In such a case Lord Ellenborough said, "he thought the statute had given a parliamentary capacitation to the witness." *Howard* v. *Shipley,* 4 East. 180; *King* v. *Williams,* 9 Barn. & Cres. 549. It was not necessary to have said more in reference to this objection, than that it could not prevail, because the practice of receiving the owner as a witness has existed from the first of our statutes authorizing a judgment for the value of the goods, on conviction, and could not be disturbed. But as the practice is well supported on principle and authority, to

[S. & N. A. R. R. Co. v. The State.]

prevent a recurrence of the objection, we have extended this
opinion.

The judgment is affirmed.