# Sandy *v.* The State.

*Indictment for Trespass after Warning.*

1. *Trespass after warning; meaning of "premises."*—The word "*premises*," as used in the statute punishing a trespass after warning (Code of 1876, § 4419), means any real estate for an entry on which a civil action might be maintained, and includes an inclosed pasture situated more than a mile from the dwelling-house.

FROM the Circuit Court of Sumter.
Tried before the Hon. LUTHER R. SMITH.

SNEDECOR & COCKRELL, for the prisoner.—The policy and purpose of the law, under which this prosecution was instituted, using the words *dwelling-house* and *premises* in juxtaposition, was to protect the immediate surroundings of the dwelling; and the statute can not be extended to uncultivated lands beyond the view of the residence, and more than a mile distant from it; especially when it was not shown that the defendant knew that the lands belonged to the prosecutor, or that they were included in the prohibition. The meaning of the word *premises* is commented on in 11 Ala. 594; 14 Ala. 242; 30 Ala. 46; 31 Ala. 353; 33 Ala. 431; 36 Ala. 297; 40 Ala. 376, 720.

JOHN W. A. SANFORD, Attorney-General, for the State. The word *premises* signifies "lands and tenements."—Bouv. Dic. There is nothing in the statute which confines it to lands adjacent to the dwelling.

BRICKELL, C. J.—The statute under which the indictment is found reads as follows : "Any person who, without legal cause, or good excuse, enters into the dwelling-house, or on the premises of another, after having been warned, within six months preceding, not to do so, is guilty of a misdemeanor," &c.—Code of 1876, § 4419. The evidence tended to show that, after warning, the defendant was seen in the pasture of the prosecutor, which was inclosed, but not cultivated, and was a mile, or a mile and a half, from the prosecutor's dwelling-house. The instruction of the court to the jury was, that the pasture was embraced in the term "*premises*," as employed in the statute; and the correctness of this instruction is the only question for consideration.

[Allen v. The State.]

The term *premises* has various significations, dependent on the subject-matter to which it refers. When used in reference to estates, it signifies lands and tenements ; while, when employed to designate a formal part of a deed, it refers to the part preceding the *habendum;* or, if in reference to equity pleading, it signifies the stating part of the bill. 2 Bouv. Law Dict. 364. Its proper signification is readily ascertained from the connection in which it is found. Trespasses on real estate the statute is intended to prohibit ; and any real estate, for an entry on which the prosecutor could maintain a civil action, is within the meaning of the term *premises* as it is employed in the statute. The operation of the statute, as of several other sections of the Code immediately preceding it, is to convert a civil injury at common law, into an indictable offense ; hence, the fines imposed on conviction go to the party injured. The instruction of the Circuit Court was correct, and its judgment is affirmed.