# Sandy v. The State.

*Indictment for Obtaining Money under False Pretense.* `

1. *Sufficiency of indictment.*—An indictment for obtaining money under a false pretense, which pursues the form given in the Code (No. 48, p. 996), is sufficient.

2. *Obtaining money by false pretense; what constitutes.*—To constitute the offense of *obtaining* money under a false pretense (Code of 1876, § 4370), it is not necessary that the money should be paid directly to the defendant: it is sufficient if it was paid to another at his request, and in payment of his debt.

3. *Competency of prosecutor as witness.*—On a prosecution for obtaining money or property by false pretenses, the person defrauded is a competent witness for the State.

FROM the Circuit Court of Sumter.

Tried before the Hon. LUTHER R. SMITH. `

The indictment in this case contained three counts, which charged that the defendant, Greene Sandy, "did falsely pretend to Andrew J. Arrington that he had" (or "had and owned") "a sow and pigs, and, by means of such false pretense, obtained from the said Andrew J. Arrington eleven dollars," or "ten dollars," or "eleven dollars and ninety cents." There was no demurrer, or other objection to the indictment, so far as the record shows. "On the trial," as the bill of exceptions states, "the State introduced as a witness Andrew J. Arrington, the person named in the indictment as the person from whom the money was alleged to have been obtained, and proposed to prove by him the facts upon which the State claimed a conviction in this case. The defendant objected to his competency as a witness, on the ground that, in the event of a conviction, he would be entitled to recover judgment for the value of the money so alleged to have been obtained. The court overruled the objection, and the defendant excepted. Said Arrington then testified that, within twelve months before the finding of the indictment, one Archer, a constable, had an execution against the defendant, from a justice of the peace in Gainesville, for fine and costs amounting to $11.90, and was about to levy it on a sow and pigs which were in the defendant's possession; that said defendant was then laboring on his (witness') farm, making a crop, and the sow and pigs were worth more than the amount of the execution; that the defendant, representing that the sow and pigs were his, and

VOL. LX.

did not belong to his wife, and that there was no lien on them, proposed to witness to pay the fine and costs, and take the sow and pigs; that he (witness) agreed to do so, and would not have done so but for said representations; that thereupon, the next day, when the constable came down, in the defendant's absence, witness paid him ten dollars in money, for which the constable then gave him a receipt, and they agreed that the balance ($1.90), which was costs, should be settled between them on settlement of their individual accounts, as the constable owed witness; that said balance was so settled between them afterwards, and the defendant had never been bothered with the execution since. Said witness further stated, that he told the defendant to keep the hogs there on the place for him; that he afterwards observed, towards the close of the year, that the defendant was wasting and removing his share of the crop, and, fearing he would not be reimbursed from the crop for his advances during the year, he went to see where the hogs were, and applied to the defendant for them; and that the defendant thereupon denied that he had made said arrangement with witness about the hogs, and declared they did not belong to him, but to his wife, who was living with him. The said constable was then introduced as a witness, and testified to the payment of said ten dollars to him by said Arrington, and the settlement of the balance between them, as stated by Arrington. It was proved, also, that when Arrington applied to defendant for the hogs, as above stated, his wife claimed them as her own, in the presence of the defendant, and he conceded her claim, and said that they belonged to her. This was all the evidence tending to show defendant's guilt; and upon this evidence, the defendant requested the court, in writing, to charge the jury, that if they believed, from the evidence, that he never in fact received the money, alleged to have been obtained by him under false pretenses, they must acquit him. This charge the court refused to give, and the defendant excepted to its refusal." The court charged the jury, in substance, that if they believed the evidence above stated, they must find the defendant guilty; to which charge, also, the defendant excepted.

SNEDECOR & COCKRELL, for the defendant, contended that a conviction could not be had for obtaining money under a false pretense, when the proof only showed that he had procured the settlement of a debt with another person.

JOHN W. A. SANFORD, Attorney-General, for the State,

cited *Commonwealth v. Drew*, 19 Pick. 179; *People v. Haynes*, 11 Wendell, 557; *People v. Herrick*, 13 Wendell, 87; *Commonwealth v. Harley*, 7 Metc. 462; *Cowen v. People*, 14 Illinois, 348; *Franklin v. The State*, 52 Ala. 414.

STONE, J. 1.—The indictment in this case pursues the form in the Code literally, and must be adjudged sufficient.— See Form 48; *O'Connor v. The State*, 30 Ala. 9.

2. The statute (Code of 1876, § 4370) enacts, that "Any person who, by any false pretense, or token, and with intent to injure or defraud, obtains from another any money, or other personal property, must, on conviction, be punished as if he had stolen the same." The proof in this record tends to show that the money, charged in the indictment to have been obtained by force of the false pretense, was not paid to the prisoner, but to another, in payment of the prisoner's debt, and at his request. The court was asked to charge the jury, that this did not meet the requirements of the statute. This view of the statute is too narrow and technical. If the prisoner procured the money to be paid to another, in extinguishment of his own debt, it is the same, in fact and law, as if the money had been first paid to him, and by him to the creditor. The gist of the offense—the practical wrong— lies in inducing another to part with something valuable, by knowingly representing as true that which is false; such representation being made for the prisoner's advantage, and with intent either to injure or defraud the person to whom the representation is made.—See authorities on the brief of the Attorney-General.

3. The person defrauded by the representation is a competent witness for the State.—*Hall v. The State*, 53 Ala. 634; 1 Whar. Amer. Cr. Law, § 778.

The judgment of the Circuit Court is affirmed.