[Bohannon v. The State.

# Bohannon *v.* The State.

*Indictment for Trespass after Warning.*

1. *Trespass after warning; prosecutor a competent witness.*—The prosecutor in a prosecution for trespass after warning is not rendered incompetent as a witness by reason of the fact, that, under the statute (Code of 1876, § 4420), he is entitled to the fine imposed on the defendant in case of conviction.

2. *Same; prosecutor must have actual or constructive possession.*—The purpose of the statute creating the offense of trespass after warning was to protect the possession of real estate against the entry of intruders or trespassers, made in violation of such possession; and hence, the offense can not be made out, unless the prosecutor establishes in himself the possession, actual or constructive, of the real estate upon which the defendant is alleged to have trespassed.

3. *Same; when deeds to land competent evidence in.*—Where one has the *possessio pedis*, or actual possession of a portion of certain premises, his deed or other color of title is always competent evidence to create a constructive possession of the entire premises; and hence, in a prosecution for trespass after warning, the prosecutor and defendant being coterminous proprietors, each claiming to be in constructive possession of a narrow intermediate strip of land, upon which the trespass is alleged to have been committed, the deeds under which they claim are competent evidence for the defendant, for the purpose of showing the extent of the possession of both parties.

| 73 | 47 |
| 100 | 9 |
| 73 | 47 |
| 105 | 116 |
| 73 | 47 |
| 125 | 59 |
| 73 | 47 |
| 140 | 203 |
| 73 | 47 |
| 142 | 257 |
| 142 | 616 |

APPEAL from Lee Circuit Court.

Tried before Hon. H. D. CLAYTON.

The defendant was indicted for trespass after warning upon the lands of one Brooks. On the trial the State introduced the prosecutor, Brooks, as a witness, for the purpose of proving the warning and the trespass.' To his examination the defendant objected, on the ground that, in case of conviction, he would be entitled to the fine; but the court overruled the objection, allowed the witness to be examined, and the defendant excepted. It appears from the evidence recited in the bill of exceptions, that the prosecutor and defendant were owners of adjoining tracts of land, and that the location of the dividing line between them was in dispute; and that the trespass, if it was committed at all, was committed on a narrow strip of land near the dividing line, the ownership and constructive possession of which were claimed by both parties. The defendant offered to read in evidence the deeds under which he and the prosecutor respectively claimed; but, on the objection of the State's solicitor, the court refused to allow the deeds to be read, and the defendant excepted. The exceptions above noted were the only exceptions reserved by the defendant.

J. M. CHILTON, for appellant.

H. C. TOMPKINS, Attorney General, for the State.

SOMERVILLE, J.—The indictment is for a trespass after warning, under section 4419 of the Code of 1876. It is insisted that, in as much as the fine imposed on the defendant, in case of his conviction, goes to the party injured, the prosecutor, Brooks, was an incompetent witness in the cause, on the ground that, being the beneficiary of the fine, he was disqualified by interest.—Code, §§ 3058, 4420.

This very question was settled in *Daniels v. The State*, 60 Ala. 56, where it was adjudged that, in a prosecution of this character, the prosecutor is a competent witness for the State, although, under the statute, he is entitled to the fine, in the event of the defendant's conviction. The fine in such cases is intended rather as a punishment inflicted in furtherance of public justice, and as a reward to encourage the detection and conviction of the offender, than as a mere indemnity levied for the pecuniary benefit of the party injured. That the owner of the property injured or damaged is incidentally benefited, is secondary to the paramount legislative purpose of promoting the public policy, and advancing the public interest.—1 Greenl. on Ev. § 412. It is upon this underlying principle that the case of *Hall v. The State*, 53 Ala. 634, very clearly rests, where

VOL. LXXIII.

it was decided that the owner of stolen property is not rendered incompetent as a witness against the thief, by the fact that the statute authorizes a judgment to be rendered in his favor, for the value of the stolen property, upon the trial of the indictment for the larceny.—*U. S. v. Murphy*, 16 Pet. 203; *Com. v. Moulton*, 9 Mass. 30; *Spence v. The State*, 17 Ala. 192.

The case of *Northcot v. The State*, 43 Ala. 330, may be considered as overruled, as well by the above decisions, as by statute.—Code, § 4410; *Daniel's case, supra*. And the rule declared in *Truss' case*, 9 Port. 126, is modified by ingrafting upon it an important exception to the old common law rule which worked a disqualification of witnesses, in criminal cases, upon the ground of pecuniary interest.—*Hall v. The State, supra*; 1 Greenl. on Ev. § 412.

The offense charged in the indictment, being that of *trespass after warning* (Code § 4419), can not be made out, unless the prosecutor establishes his possession, *actual* or *constructive*, of the lands upon which the defendant is alleged to have trespassed, thus involving an entry on premises for which the prosecutor could maintain a civil action.—*Sandy v. The State*, 60 Ala. 18. The statute was intended to protect the *possession* of real estate against the entry of intruders, or trespassers, perpetrated in violation of such possession. It was accordingly held in *Watson v. The State*, 63 Ala. 20, that if the *defendant,* when warned by the prosecutor, was himself in *actual* possession of the premises; or if, at the time of his entry, the title and right of entry resided in him, in either event, no conviction could be had against him. "A wrongdoer in actual possession," it was said, "though the constructive possession may reside in him in whom the legal title is vested, can not be warned off, and proceeded against under the statute." This case was followed in *McLeod v. McLeod*, at the present term [*ante. p.* 42], where it was said that such a prosecution, as previously observed by Brickell, C. J., in *Watson's case, supra*, could not "be made to serve all the purposes of an action of trespass *quare clausum fregit*, nor converted into an action of ejectment, in which the title, and right of possession may be determined."

This statute is similar to some extent, in its policy, to that furnishing a summary remedy in cases of forcible entry and detainer, which was an indictable offense at common law, tending, as it does, to a breach of the peace.—1 Hawk. P. C. ch. 64, § 45; 4 Black. Com. 148; Whart. Cr. L. 700; Clark's Man. Cr. L. § 1121. In such cases the title can not be drawn in question, because the only matter or issue permitted to be involved, is that of the unlawful invasion of the *actual* possession of the plaintiff by the defendant. The plaintiff may,

[Bohannon v. The State.]

therefore, prevail against both the title and legal right of possession.—*Clark v. Stringfellow,.* 4 Ala. 353 ; 2 Brick. Dig. 11, § 81 *et seq.* ; Trial of Title to Lands (Sedgw. & Wait), § 94. *Actual* possession, however, is a prerequisite to the maintenance of this action. As said in *Russell v. Desplous,* 29 Ala.. 308, 312, " the *constructive possession,* which the law infers from the title, is not sufficient to maintain it. *If it were, a controversy as to title,* which it is the purpose of the statute to avoid, *would inevitably arise.*"— *Womack* v. *Powers,* 50 Ala. 5.

The section of the Code under consideration (§ 4419) has a broader purpose in view. In *Sandy v. The State,* 60 Ala. 18, *supra,* it was construed as embracing within its protection a mere *constructive* possession of premises, a ruling from which we are not disposed to depart, believing it, as we do, to be sound. In establishing such a possession, proof of title is essential, because, in the absence of an adverse actual possession, as well as in cases of what is termed in the books as a *mixed* possession, legal seizin is according to the title, the title drawing possession to the real owner. " The doctrine is founded in justice and general convenience, and favors right, and resists wrong and oppression."—Tyler on Eject. 905.

We are of opinion that, in the light of these principles, the court erred in excluding from the jury the deeds offered by defendant, the purpose of which, we suppose, was to prove the extent of the possession of both the prosecutor and of the defendant. They were coterminous proprietors, each claiming to be in constructive possession of a narrow intermediate strip of land, upon which the alleged trespass had been committed by the defendant. In all such cases, we understand the rule to be, that where one has the *possessio pedis,* or actual possession of a *portion* of certain premises, his deed, or other *color of title,* is always competent evidence to create a constructive possession of the whole premises—to extend the actual possession of a part, so as to make it embrace the constructive possession of the whole.—Trial of Titles (Sedgw & Wait), § § 728, 768, 763 ; *Bell v. Denson,* 56 Ala. 444 ; *Hall v. Root,* 19 Ala. 378 ; *Farmer v. Eslava,* 11 Ala. 1028. The possession is deemed co-extensive with the boundaries defined in the deed. As said in *Powell v. Davis,* 54 Mo. 318, " where one is in actual possession of a part of a tract of land, and holding the whole under claim *and color of title,* he will in law be held to be in possession of the remainder."— *Weber v. Anderson,* 73 Ill. 442 ; Trial of Titles (S. & W.), § § 766–7 ; *Chapman v. Templeton,* 53 Mo. 465. Such is the rule, at least, where there is no antagonistic possession.—*Farley v. Smith,* 39 Ala. 38, 44.

The observation. made in *Watson's case,* 63 Ala. 19, 24, *supra,* that " no mere claim of title, however sincerely made, can

[Cunningham v. The State.]

justify or excuse the trespass, if it be committed after warning," is no doubt true where there is a violation of the prosecutor's actual possession. But it was also said in that case, that " the statute was not intended to convert the entry of the true owner into an indictable offense, or to deprive him of any right he could have exercised before its enactment." No one, we apprehend, is authorized by the statute to warn his neighbor not to enter *his own* lands of which he already has constructive possession, and of which he is not disseized by the party giving the notice.

The judgment must be reversed, and the cause remanded.