# Parham v. The State.

## *Indictment for Trespass after Warning.*

1. *Trespass after warning; admissibility of deed to show extent of possession.*—On a trial under an indictment for trespass after warning, where the trespass complained of was upon a certain part of a large tract of land, and there is evidence tending to show that both the prosecutor and the defendant were in actual possession of certain separate parts of said tract at the time of the alleged trespass, claiming ownership of the whole, the deeds under which the prosecutor and defendant, respectively, claimed, are admissible in evidence to show the extent of the possession of each.

2. *Trial and its incidents; appeal in criminal case not dismissed for delay in filing transcript.*—The same rules do not apply in the Supreme Court in respect of promptness in filing the transcript in criminal cases, as are applicable in civil cases; and the appeal in a criminal case will not be dismissed because the transcript was not filed until after the expiration of the term of the Supreme Court to which the appeal was returnable.

APPEAL from the County Court of Hale.
Tried before the Hon. W. C. CHRISTIAN.

The appellant in this case was indicted, tried and convicted for trespass after warning. The facts of the case pertaining to the rulings of the trial court reviewed on the present appeal are sufficiently stated in the opinion.

In this court a motion was made by the Attorney-General to dismiss the appeal, upon the ground that although the case was tried on January 26, 1899, and the bill of exceptions was signed by the presiding judge on May 2, 1899, it was not filed in the office of the clerk of the county court until January 18, 1900, and was not filed with the clerk of the Supreme Court until January 24, 1900, after the expiration of the term to which the appeal was returnable—the appeal being returnable under the statute on the first Monday after the expiration of twenty days from the signing of the bill of exceptions.

TUTWILER & JONES, for appellant.—When the evidence shows that the defendant was in the actual possession of a part of the lands in controversy, claiming title to the entire tract, his deed or other color of title is always competent evidence.—*Bohannon v. State,* 73 Ala. 47; *Turnley v. Hanna,* 82 Ala. 139; *McInery v. Irvin,* 90 Ala. 276.

CHAS. G. BROWN, Attorney-General, for the State, cited *Bohannon v. State,* 73 Ala. 67; *Sandy v. State,* 60 Ala. 18.

MCCLELLAN, C. J.—The entry by the defendant after warning was upon a certain part of a large tract of land. The evidence for the State went to show that the prosecutor was in the actual possession—*possessio pedis*—of certain other parts of this tract. On this state of case it was proper to receive in evidence the deed under which the prosecutor went into and held such actual possession as defining the limits thereof and extending such possession to all the land embraced in the tract, including that particular part upon which entry was made.

Upon the same principle the deed under which defendant claimed title should have been allowed to go to the

jury. For him also the evidence went to show actual possession—*possessio pedis*—of divers parts of the tract at the time of the alleged trespass. If he had such actual possession of parts of the tract and claimed to own the whole of it under muniment of title or color of title, the instrument constituting such color should have been received in evidence to show the extent of his possession.—*Bohannon v. State,* 73 Ala. 47; *McLeod v. McLeod,* 73 Ala. 42. It follows that in our opinion the court erred in excluding the deed from defendant's father to him offered as it was for the limited purpose of defining his possession.

The motion to dismiss the appeal would be well founded if this were a civil case; but the same rules do not apply here in respect of the duty of parties to bring the transcript promptly into this court. The motion is overruled.

Reversed and remanded.

