(106 So. 205)

## HICKS v. STATE. (2 Div. 355.)

(Court of Appeals of Alabama. Nov. 10, 1925.)

I. Intoxicating liquors ⬿223(1)—Not necessary to prove suitability of still for manufacturing liquor, where found to be actually producing liquor; but proof of former not error.

When undisputed evidence showed a complete still in operation and whisky actually running therefrom, it was unnecessary to· prove that still testified to by state witness was suitable for use in manufacture of liquor; but it was not error to allow such proof in evidence.

2. Intoxicating liquors ⬿238(2)—Where evidence as to identity of accused in sharp conflict and sufficient to base verdict of guilty, accused not entitled to affirmative charge.

In prosecution for manufacturing liquor and possessing a still, where only question was identity of accused as one of men seen operating still, on which question the evidence was in sharp conflict and amply sufficient to base verdict of guilty as charged, accused was not entitled to affirmative charge.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Luther Hicks was convicted of violating the prohibition laws, and he appeals. Affirmed.

Frank Head, of Centerville, for appellant. Harwell G. Davis, Atty. Gen., for the State.

Briefs of counsel did not reach the Reporter.

BRICKEN, P. J. There was a general verdict of guilty. The indictment contained two counts: (1) Making, manufacturing, or distilling alcoholic liquors; (2) unlawful possession of a still to be used for the purpose of manufacturing prohibited liquors. The court sentenced defendant to an indeterminate term of imprisonment in the penitentiary of not less than two years nor more than three years.

[1] No errors were committed in the trial of this case. While it was not necessary, under the undisputed facts here shown, for the state to prove that the still testified to by state witness Sims was suitable to be used in the manufacture of alcoholic liquors, there was no error in allowing such proof, and the exceptions reserved in this connection are without merit. When the undisputed evidence in the case discloses a complete still in operation and whisky actually running out of it, as here, this of itself is manifestly sufficient, without additional evidence, that the apparatus or still is suitable to be used in the manufacture of alcoholic liquors.

[2] In this case, there is no conflict in the evidence that in December, 1924, in the neighborhood of Brierfield, in Bibb county, there was found, by the state witness Sims, a complete copper still in operation, and that whisky was running out of the still; also that there were 7 barrels of mash and 12 gallons of whisky there, and that three men were present working at and operating this still, all of whom ran away at the approach of the officers and escaped.

But one question of fact was presented,

and that is, was this defendant one of the men who were operating the still. In other words, the identity of this defendant alone was involved upon this trial. On this question the evidence was in sharp conflict, and was amply ·sufficient upon which to base the verdict of guilty as charged rendered by the jury.

The defendant was not entitled to the affirmative charge. Charges 1 and 2 were therefore refused without error.

Let the judgment of conviction appealed from stand affirmed.

Affirmed.