The State *vs*. Truss.

THE STATE *VS*. TRUSS.

1. In criminal, as well as civil cases, witnesses are disqualified, who have a direct interest in the event of a case.

2. But the expectation of a benefit, not necessarily and legally flowing from the event of the proceeding, does not render the witness incompetent ; Thus—

3. The prosecutor, whose property has been injured, is a competent witness in an indictment for malicious mischief.

Error to the Circuit court of Talladega.

Indictment for malicious mischief—tried by Judge *A. Martin.*

In this case, the defendant was indicted for unlawfully, wilfully and maliciously killing four hogs, the property of John B. Tuck. Defendant plead the general issue. On the trial, the competency of the witness, who was also the prosecutor—Tuck—was objected to. The witness then, under seal, transferred his interest in the suit to the trustees of the Talladega Female Academy—who accepted of it. He was then permitted to give evidence.

The question concerning the competency of the witness, was certified to the Supreme court for revision:

*Attorney General,* for the State.

GOLDTHWAITE, J.—The question referred by the Circuit court of Talladega county is, whether the prosecutor, Tuck, was a competent witness to give evidence

The State *vs.* Truss.

against the defendant, under the circumstances disclosed by the record.

The indictment, in this case, is for malicious mischief; and the act of assembly provides, that every person offending against its provisions, shall, on conviction, be fined in such sum as the jury, trying the indictment, may assess, not exceeding fourfold the value of the property injured or destroyed, and imprisoned in the common jail of the county any length of time, at the discretion of the jury; which fine shall be paid to the party injured: *Provided, however, that the jury may inflict one or both of the penalties prescribed*—(Aik. Dig. 113.)

The relinquishment, or rather, the transfer, by the prosecutor, of his interest in the fine, to the trustees of the academy named, cannot change the aspect of this case, as it is certain, if Tuck was not a competent witness previous to this relinquishment, he could not be made so, by virtue of it.

The rule is very clear, that in criminal, as well as civil cases, witnesses are disqualified, who have a direct interest in the event of the case, but this interest must be such as the law recognizes. The expectation of a benefit, not necessarily and legally flowing from the event of the proceeding, does not render the witness incompetent —(Roscoe's Crim. Ev. 104.)

Where a statute gives a reward, or the whole or a part of a penalty to the informer, and such reward or penalty is not recoverable upon the indictment itself, but a distinct suit is necessary; then, as the conviction will not be evidence in such suit, the testimony of the party entitled to the penalty, &c., is admissible. But where the

penalty is recoverable on the indictment itself, and the informer is not driven to a suit, his title to the penalty gives him such an interest in the event of the prosecution, as will incapacitate him—(King vs. Williams, 9 B. & C. 549.) The case cited, was an indictment founded on an English act of Parliament, whereby the justices are empowered to give restitution of the possession of the lands entered on by force, or holden by force, to the respective tenants thereof. The tenant entitled to restitution, was held not to be a competent witness. So, also, in Tulley's case, (1 Strange, 316,) a conviction for deer stealing was quashed, because the same person was both informer and witness, and entitled to a part of the penalty. In the case of the King vs. Williams, it is said that the reason why the owner, in cases of robbery and larceny, who is entitled to restitution, is permitted to be a witness, is because the words of the statute authorising the restitution, directs it, if the felon be attainted, *in consequence of evidence given by the party robbed, or owner of the property.*

The expectation, hope, or even promise, of a reward or pardon, is, however, not sufficient to disqualify a witness, for the reason before stated,—that it does not necessarily and legally flow from the event of the proceeding. The rule is thus laid down by Hawkins: "It has been ruled, that it is no good exception, that a witness has the promise of a pardon or other reward, on condition of his giving his evidence, unless such reward be promised, by way of contract for giving such and such particular evidence, or full evidence, or any way in the least to bias him to go beyond the truth, which, not being easily

avoided, in promises or threats of this kind, it is certain that too great caution cannot be used in making them"— (Hawk. Book 2, ch. 46, s. 135.)

If we apply these rules to the question referred, its solution will be divested of difficulty. In the first place, it may be asked, what interest has the party injured in a prosecution like this? It is clearly contingent, and not absolute or certain.

If the State succeeds, and a conviction ensues, it does not necessarily follow, that the party injured will be benefitted by this result, for the jury may inflict imprisonment, and omit the fine. As this may be the result of the prosecution, there is no stronger bias arising from the hope of reward, than exists in many other cases, where it is perfectly clear that the witness would be competent. No reward necessarily flows from the event of a conviction, to the party injured, and therefore, he is not within the rule, as stated.

This question, however novel with us, has been directly decided in England.

By the statute of 39 and 40 George III, ch. 89, s. 1, it is enacted, that if naval stores belonging to the crown, are found in the possession of an unauthorised person, he shall, on conviction, be deemed a receiver of stolen goods, and may be transported for fourteen years, or the judge may sentence him to be whipped, fined, and imprisoned ; a moiety of which fine, if imposed, shall go to the king, and the other moiety to the informer. It is discretionary with the judge to inflict one, or more of these punishments. On the trial of an indictment under this statute, an informer was held to be a competent witness,

9 P                17

and Lord Kenyon, who tried the case, makes use of this language : " The statute having given the court a power to inflict, at their discretion, either a corporal punishment, or to impose a fine, in case of conviction, and as it was only in case a fine was imposed, that the witness could expect to derive any benefit, and that was uncertain, as depending on the judgment of the court, the objection went only to the *credit*, and not to the *competency* of the witness"—(Rex vs. Cole, 1 Esp. 169.)

If the interest of the witness in that case, was uncertain, as depending on the judgment of the court, it must be so in this, depending, as it does, on the discretion of the jury.

The Circuit court very properly admitted the witness to give evidence, and though we cannot concur in its reasons, we must pronounce its conclusion to be free from error.

Let the judgment be affirmed.