## WALDEN *vs.* SMITH.

[DETINUE FOR SLAVE BY WIDOW AGAINST BAILEE OF HUSBAND'S EXECUTOR.]

1. *Competency of executor as witness for bailee.*—In the absence of any proof of an express warranty, fraud, or negligence, an executor, who has been released both in his representative and individual capacity, is a competent witness for a person to whom he has hired a slave belonging to his testator's estate, in an action brought against the latter to recover the slave, although it is shown "that he, as executor, is the real party in interest in the defense of the suit, and had employed the counsel who were defending it."

APPEAL from the Circuit Court of DeKalb.
Tried before the Hon. THOMAS A. WALKER.

THIS action was brought by Mrs. Eliza R. Smith against John B. Walden, to recover a slave, named Amanda, who was hired to said Walden for the year 1850 by James Lamar, as executor of Solomon C. Smith, deceased, who was the husband of the plaintiff at the time of his death. The action was commenced in August, 1850, and the trial was had at the April term, 1855. On the trial, as appears from the bill of exceptions, the defendant offered said James Lamar as a witness, after having released him both in his individual and representative capacity. "It was shown that he, as executor, was the real party in interest in the defense of this suit; that he had employed the counsel who were defending it; that the defendant had only hired the negro from him, as above stated; that his title, as executor, was set up by the defendant, and was in issue; and that a verdict for the defendant would enure to his benefit as executor. The plaintiff then objected to the

competency of the witness, because he was interested in the event of the suit, and because the record of this suit would be evidence for or against him in another suit for the same property." The court sustained the objection to the competency of the witness, and excluded him; to which the defendant excepted, and which he now assigns as error.

ALEX. & JOHN WHITE, for the appellant, cited the following cases: Mockbee v. Gardner, 2 Har. & Gill, 176; Howard v. Burgen, 4 Dana, 137; Ricks v. Dillahunty, 8 Porter, 133; Walton v. Shelley, 1 T. R. 301; Blackett v. Weir, 5 Barn. & Cress. 387; Nelson v. Iverson, 24 Ala. 9; Jackson v. Rumsey, 3 Johns. 234; 4 Serg. & Rawle, 222; 1 Litt. 107; 1 Greenl. Ev. §§ 386–90; Phil. Ev. (C. & H. Notes,) vol. 3, 1501–30; 2 Stark. Ev. 775.

JAMES B. MARTIN, *contra*, cited Tarleton & Pollard v. Johnson, 25 Ala. 300.

RICE, C. J. (After stating the facts)—Upon these facts, we are called on to decide, whether Lamar, *as an individual*, was a competent witness for the defendant. In the consideration of that question, we must not forget that Lamar has two capacities, representative and individual; that he is not a party on the record, and that therefore he certainly is not liable *directly, and in the first instance*, for the costs.

He is a competent witness, unless *as an individual* he has a *present, certain, vested interest* in *the event* of this identical case; unless the *necessary* legal consequenses of the verdict will be to better his situation, by securing him an advantage, or repelling a loss. An interest which is *uncertain, remote*, or *contingent*, will not render him incompetent.—The State v. Truss, 9 Porter, 126; Massey v. Rogan, 6 Ala. R. 647; Higgins v. Morrison, 4 Dana, 106; Bent v. Baker, 3 T. R. 27.

There is no implied warranty, in a contract for the sale or hire of a slave, by an executor, administrator, or other trustee.—Ricks v. Dillahunty, 8 Porter, 133; Pool v. Hodnett, 18 Ala. R. 752. The rule of *caveat emptor* applies to such contracts; and, therefore, an executor, administrator, or other trustee, in the absence of any proof of an express warranty, or fraud, or gross negligence, is a competent witness for a

person to whom he was sold or hired a slave.—Mockbee v. Gardner, 2 Harris & Gill's Rep. 176; Jones v. Sasser, 1 Dev. & Batt. 452; Howard v. Burgen, 4 Dana, 137; Willis on Trustees, 227; Anonymous, 1 Modern Rep. 107; 3 Phil. Ev. (edition of 1839) 1529, 1530; Busby v. Greenslate, 1 Strange, 445; Twambley v. Henley, 4 Mass. R. 441; Prescott v. Hawkins, 2 Foster's Rep. 191; Soulden v. Van Rensselaer, 9 Wend. 295; Williams v. Jones, 2 Ala. R. 314.

The title under which the defendant claims to defend, is not the title of Lamar *as an individual*, but of Lamar *as executor of Sol. C. Smith*. The defendant does not put in issue the title of Lamar, but the title of *the estate of his testator*.—Agee v. Williams, 27 Ala. Rep. 644. A verdict in this suit, in favor of the defendant, will not *necessarily* injure or benefit Lamar *as an individual*, nor determine any thing in his favor, nor entitle him even to commissions as executor, as to the slave in controversy, or her hire. The utmost effect such verdict could have, would be to determine, as between Lamar *as executor* and the plaintiff in this action, that the slave is the property of *the estate of Lamar's testator*. A verdict in this suit, against the defendant, will not directly or necessarily impose any loss or liability upon Lamar *as an individual*. It would not even make him liable for the costs, as he is not a party to the record, and has been released in both his individual and representative capacity, by the defendant.

The appellee contends that, if the defendant gets a verdict in this case, it will establish the title of *the estate of Lamar's testator* to the slave and her hire; that in that event Lamar will get commissions on the slave and her hire; and that therefore Lamar is interested in the event of this suit. But the answer to that argument is, that the right of Lamar to commissions is not in issue, and cannot be decided in this suit; that, although the defendant may obtain a verdict, that verdict does not establish any right in Lamar to commissions; that the question whether Lamar shall have commissions is one for the determination of the probate court; that the probate court *may, in the exercise of its legal discretion, refuse him any commissions*; and that his supposed interest in commissions is no more than an *uncertain, or contingent interest*, which does not render him incompetent.—Long v. Easley, 13 Ala. R. 239;

Harris v. Martin, 9 *ib.* 899; Magee v. Cowperwaite, 10 *ib.* 696.

In every view, Lamar was a competent witness for the defendant, upon the facts as presented by the record. The court below erred in excluding him; and, as this error must work a reversal of the judgment, and as the other questions on the record may not arise or be presented in the same shape on another trial, we shall confine our decision to the question of Lamar's competency as a witness, and put the reversal of the judgment upon the sole ground that he was excluded; leaving ourselves uncommitted as to any other question.

Judgment reversed, and cause remanded.

WALKER, J., not sitting.