(90 South. 54)

**BROWN v. STATE. (8 Div. 827.)**

(Court of Appeals of Alabama. April 5, 1921.)

**Witnesses ☞367(1)—Defendant may show pecuniary interest of state's witness.**

Defendant on cross-examination of state's witness should be allowed to prove that the witness has a pecuniary interest in the result of the trial and in the conviction of the defendant.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Fred Brown was convicted of carrying a concealed weapon, and appeals. Reversed and remanded.

S. A. Lynne, of Decatur, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. On the trial of this case in the court below the state introduced only one witness, T. W. McCuthra, and upon the testimony of this witness relied for a conviction. On cross-examination of this witness the court would not allow the defendant to prove that the witness had a pecuniary interest in the result of the trial and in the conviction of this defendant. This ruling was error and in direct conflict with the general rule which provides that on cross-examination of a witness any fact may be elicited which tends to show bias or partiality; the purpose of the rule being that, if the witness is interested in the result of the trial, the jury may weigh his testimony in the light of such interest. It matters not if the interest so shown is based upon hatred or friendship, or upon financial or other reasons. John Tapscott v. State, 88 South. 376,[1] and cases cited. See, also, John Byrd v. State, 17 Ala. App. 301, 84 South. 777.

Reversed and remanded.