TURNEY v. STATE. (8 Div. 902.)

(Court of Appeals of Alabama. May 9, 1922. Rehearing Denied May 30, 1922.)

1. Criminal law ⊚⟹321, 335, 737(1)—Grand jury presumed to have endeavored to discover defendant's Christian name, and burden of rebutting presumption is on defendant, and question is for jury.

The law presumes that the grand jury discharged its duty to use proper diligence to ascertain the true Christian name of accused, and the burden is on defendant to prove that they had such knowledge and whether they had such knowledge is a question for the jury.

2. Criminal law ⊚⟹448(1)—Testimony by accused that grand jury knew his Christian name held inadmissible, as being a conclusion.

Testimony by accused that the individual grand jurors, or that the grand jury, knew his name, was inadmissible, as being a conclusion.

3. Criminal law ⊚⟹338(6) — Question as to whether sheriff would get a reward if defendant was convicted held improper.

The sustaining of an objection to a question as to whether the sheriff would get a reward of $50 if defendant should be convicted was properly sustained, as the sheriff was not a witness, and therefore the answer called for was irrelevant.

4. Criminal law ⊚⟹814(3)—Instruction that if grand jury knew Christian name of defendant and did not allege it, he could not be convicted properly refused.

An instruction that if the grand jury knew the Christian name of defendant when the evidence was brought before it, and failed to allege his Christian name, there is a variance, and defendant cannot be convicted, was properly refused, where there was no evidence that the grand jury knew that defendant's name was other than as alleged.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

A. D. Turney was convicted of violating the prohibition laws, and he appeals. Affirmed.

Charge 2 is as follows:

"If the grand jury knew the name of the defendant to be Almonth Turney when the evidence was brought before it, there is a variance, and you cannot convict him."

Sample & Kilpatrick, of Hartsells, for appellant.

If it appears that the name of the defendant is known to the grand jury, he should not be convicted under the indictment alleging otherwise. 17 Ala. App. 511, 85 South. 864; 7 Ala. App. 61, 60 South. 959; 90 Ala. 637, 8 South. 556. The burden being on the defendant to show this, he should not be denied the right to produce evidence of the fact that his name was known to the grand jury. 118 Ala. 87, 23 South. 776; 86 Ala. 84, 5 South. 775.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1, 2] The defendant was indicted as "A. D. Turney, whose Christian name is to the grand jury unknown." On the trial it appeared that his Christian name was "Almond," and it therefore became a question as to whether the grand jury knew this fact; the burden of proof as to such knowl-

---

edge resting on the defendant. It was the duty of the grand jury to use proper diligence to ascertain the true Christian name of the defendant, and to so allege it in the indictment, if they can do so. The law presumes that they discharged this duty, and the inquiry is, Did they falsely affirm a fact as unknown when it was known? Terry v. State, 118 Ala. 79, 23 South. 776. If they have done this, and it is so proven on the trial, the probata and allegata do not correspond, and the defendant may escape conviction. Terry v. State, supra; Winter v. State, 90 Ala. 637, 8 South. 556; Butler v. State, 17 Ala. App. 511, 85 South. 864. But this is a question for the jury, under the evidence and charge of the court. It was not competent for the defendant to testify that the individual grand jurors, or that the grand jury, knew his name; this was a conclusion of the witness, to which he would not be allowed to testify.

[3] The state's objection to the question propounded the witness Wright, "Don't the sheriff get a reward of $50 if defendant is convicted?" was properly sustained. The sheriff was not a witness, and therefore the answer called for is irrelevant.

[4] There was no evidence that the grand jury knew that defendant's name was other than as alleged, and therefore charge No. 2 was properly refused.

The other exceptions are without merit. We find no error in the record, and the judgment is affirmed.