(101 So. 353)

### HARMON v. STATE.   (6 Div. 403.)

(Court of Appeals of Alabama.   Sept. 2, 1924.)

1. **Indictment and information** ⚖️86(2), 87(2)—**Indictment held to show sufficiently that law in force, and offense within court's jurisdiction.**

An indictment charging that, before the finding thereof and subsequent to November 30, 1919, accused manufactured liquor, and manufactured or had possession of a still *held* to show sufficiently that the offense was not committed prior to the adoption of the law charged to have been violated, that the law in question was in effect, and that the offense was committed within the jurisdiction of the court.

2. **Criminal law** ⚖️753(1)—**Court cannot instruct jury as to course of conduct and direct a verdict on conflicting evidence.**

Where evidence is in conflict, the court cannot instruct a jury as to its course of conduct and direct a verdict, and where two conclusions can be drawn, one tending to establish guilt and the other innocence, it is prerogative of jury, and not of court to determine what its finding shall be.

3. **Criminal law** ⚖️759(1)—**Charge that, if two conclusions could be drawn, one tending towards innocence, should be accepted properly refused.**

In a prosecution for violation of the liquor laws, an instruction that where two conclusions could be drawn from a single circumstance, one tending to establish guilt, the other towards innocence, it was the duty of the jury to accept that tending towards innocence, was properly refused.

4. **Criminal law** ⚖️829(1)—**Refusal of charge substantially covered by one given not error.**

In a prosecution for the violation of the liquor laws, where a charge given fairly and substantially covered one refused, such refusal was not error.

5. **Intoxicating liquors** ⚖️239(2)—**Refusal of charges ignoring accusation in second count of indictment, and requiring acquittal, held proper.**

In a prosecution under an indictment charging in one count illegal manufacture of liquor, and in a second count illegal possession of a still, charges referring to the indictment as a whole and requiring acquittal, ignoring the accusation of the second count and evidence adduced in support thereof, were properly refused.

6. **Criminal law** ⚖️829(16)—**Requested charge relating to bias of sheriff, covered by oral charge.**

In prosecution for the violation of the liquor laws, a charge to consider statutory reward, in considering bias of the sheriff or other officer furnishing evidence, was covered by an oral charge to weigh the testimony carefully in light of facts and circumstances of each individual case, considering interest of the witnesses.

7. **Criminal law** ⚖️814(18), 815(10)—**Charge as to considering reward as bearing on bias of sheriff held properly refused as abstract and pretermitting facts.**

A charge that a jury could consider the reward provided by statute to be allowed the sheriff or other officer furnishing evidence was abstract, where the sheriff did not testify or assist in arrest of the accused, and also properly refused for pretermitting steps or procedure necessary to secure the reward, as fixed by Acts 1919, p. 1087, § 4.

8. **Intoxicating liquors** ⚖️238(1)—**Conflict in evidence held to present question for jury.**

In a prosecution for violation of liquor laws, the conflict between the evidence of the state, showing that accused was operating a still, and his own testimony that he was present to get a drink of liquor, presented a question for the jury.

9. **Intoxicating liquors** ⚖️236(19) — **Evidence held sufficient to show corpus delicti.**

In a prosecution for the violation of the liquor laws, where there was no conflict in evidence as to there being a complete still at the time and place designated, and that it was being operated, there was sufficient evidence to show the corpus delicti.

10. **Intoxicating liquors** ⚖️236(19)—**Evidence of manufacturing liquor and possession of still held sufficient.**

In a prosecution for manufacturing liquor and possessing a still, evidence *held* sufficient

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to sustain a verdict of guilty and to support a judgment of conviction.

**11. Criminal law ⊕⇒1186(4)—Errors, in admission of evidence as to corpus delicti, which was not in dispute, held not injurious.**

Where accused merely denied all connection with possession or operation of a still, errors relating to the corpus delicti were not injurious, within Supreme Court rule 45, and Code 1907, § 6264, forbidding a reversal when the court is satisfied that no injury resulted.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Robert E. Harmon was convicted of violating the prohibition law, and appeals. Affirmed.

The indictment is as follows:

"The grand jury of said county charges that before the finding of this indictment, and subsequent to November 30, 1919, Robert E. Harmon, whose name to the grand jury is otherwise unknown, did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcoholic.

"(2) The grand jury of said county further charges that before the finding of this indictment, and subsequent to November 30, 1919, Robert E. Harmon, did manufacture, sell, give away, or have in his possession, a still, apparatus appliance, or device, or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, against the peace and dignity of the state of Alabama."

There was a motion to quash upon the grounds: (1) That, for aught appearing, the offense was committed prior to the adoption of the law charged to have been violated; (2) for aught appearing, the law under which the defendant is tried was not in force and effect at the time it is alleged to have been violated; and (3) that it is not alleged the offense was committed within the jurisdiction of the court. Demurrer was also interposed, taking the same objections.

The following requested charges were refused to defendant:

"(5) Gentlemen of the jury, I charge you that where two conclusions can be drawn from a single circumstance, one tending to establish guilt and the other tending towards the innocence of the accused, the law makes it your duty to accept the conclusion tending towards innocence, rather than the one tending towards guilt."

"H. I charge you, gentlemen of the jury, that the burden is on the state to prove, by evidence produced at this trial beyond all reasonable doubt that the defendant, since the 25th day of January, 1919, did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors, and unless it has met this burden you must acquit the defendant."

"I. I charge you, gentlemen of the jury, unless you find from the evidence in this case that the defendant did, since the 25th day of January, 1919, distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors, and the burden is on the state to prove beyond all reasonable doubt that he did, you must acquit him."

"K. I charge you, gentlemen of the jury, if you believe from the evidence in this case beyond all reasonable doubt that the defendant was engaged in an attempt to distill intoxicating liquors at the time of his arrest, you should return a verdict for the state, and assess a fine of not less than 1 cent or more than $500."

"M. I charge you, gentlemen of the jury, if you believe beyond all reasonable doubt from the evidence in this case that the defendant is guilty of an attempt to distill intoxicating liquor, at the time of his arrest, you should return a verdict for the state, and assess a fine of not less than 1 cent or over $500."

"L. I charge you, gentlemen of the jury, that you can take into consideration, in addition to the evidence adduced from the witness stand, the fact that the statute provides a reward of $50 to be allowed the sheriff or other officer or person who furnished the evidence, and brings about a conviction in distilling cases."

"N. I charge you, gentlemen of the jury, if you believe from the evidence in this case beyond all reasonable doubt that the defendant is guilty of an attempt to distill, you should return a verdict for the state, and assess a fine of not less than 1 cent or more than $500."

Bumgardner & Wilson, of Bessemer, for appellant.

Charge 5 states a correct proposition of law, and its refusal was error. People v. Gilmore, 6 Cal. Unrep. 57, 53 Pac. 806. Charge K was erroneously refused. Corkran v. State, 203 Ala. 513, 84 South. 743; Shoemaker v. State, 17 Ala. App. 461, 86 South. 151.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The indictment was not subject to objection. Acts 1919, p. 1086. Charge 5 was properly refused. Mitchell v. State, 94 Ala. 68, 10 South. 518; Toliver v. State, 94 Ala. 111, 10 South. 428; Fonville v. State, 91 Ala. 39, 8 South. 688; Lee v. State, 18 Ala. App. 566, 93 South. 59. Charges I, K, M, and N take no account of evidence under the charge of possessing a still, and were well refused. Anderson v. State, 18 Ala. App. 585, 93 South. 279; Suttle v. State, 19 Ala. App. 198, 96 South. 90; Hill v. State, 210 Ala. 221, 97 South. 639.

BRICKEN, P. J. [1] The rulings of the court upon motion to quash the indictment, and upon the demurrer to indictment, are so clearly free from error they need no discussion.

[2-4] Charge 5 refused to defendant was so refused without error. The court is without authority to instruct the jury as to its course of conduct and direct a verdict, where the evidence in a case is in conflict, or where two conclusions can be drawn, one tending

to establish the guilt of the accused and the other tending towards his innocence. It is the prerogative of the jury, and not the court, to determine what the finding of the jury shall be, and its course of conduct under such conditions. Davis v. State, 19 Ala. App. 94, 96 South. 369 and cases cited. Moreover, the court gave charge 6 requested by defendant, and this charge fairly and substantially covers refused charge 5. For this reason, also, the refusal of said charge was without error.

[5] Refused charges H, I, K, M, and N pretermit or ignore the accusation contained in the second count of the indictment, and therefore each of these charges was properly refused. A different question might have been presented, under the evidence in this case, had these several charges been limited to the first count of the indictment, which charged the defendant with distilling, etc. But the requested charges referred to the indictment as a whole and required defendant's acquittal, notwithstanding the accusation of the unlawful possession of a still to be used for the purpose of manufacturing prohibited liquors contained in the second count of the indictment, and also the evidence adduced in support of said count.

[6, 7] Refused charge L deals with the interest and consequent bias of the sheriff or other officer or person who furnished the evidence and was instrumental in bringing about a conviction in this case. We are of the opinion that the substance of this charge was covered by the court in the oral charge, where the court instructed the jury:

"In weighing the testimony, weigh it carefully, and weigh it in the light of the facts and circumstances of each individual case. If the witnesses are interested in the case, or in the result of the case, take that fact into consideration."

Other expressions by the court in its oral charge of similar import referred to the proposition of law undertaken to be embodied in this charge, and might be said to fairly and substantially cover same. Moreover, the charge in question was also properly refused for pretermitting the steps or procedure necessary to secure the reward fixed by statute.

The statute provides:

"There shall be charged in the bill of cost [to be paid and collected as other items of cost] the sum of $50.00 to be allowed the sheriff or other [officer or] person who furnished the evidence and brought about the conviction and who shall satisfy the presiding judge that he is the person entitled to said sum and shall receive from the judge a certificate to that effect." Acts 1919, p. 1086, § 4.

The charge was properly refused. Furthermore, this charge designates specifically the "sheriff," and to that extent is abstract here for the reason it does not appear that the sheriff was examined or gave evidence as to the main facts on the trial of this case, nor does it appear that the sheriff was among the officers who conducted the "raid," as termed by the witnesses, nor did the sheriff, so far as the record shows, participate or assist in the arrest of this defendant in this case.

[8] The testimony of the several state's witnesses tended to show that this defendant was caught by them at the still in question, and in the actual operation thereof. In addition to this testimony state witness John Kemp testified to the voluntary confession of the defendant, to the effect that defendant stated the still was his and that the other parties didn't have anything to do with it. The defendant denied these facts and testified in explanation of his presence at the still:

"The occasion of my being over there was to get a drink of liquor, and Mr. Hogg and Mr. Poe went with me, at Mr. Hogg's request."

This conflict in the evidence presented a question for the determination of the jury.

[9-11] In the court's rulings upon the testimony, numerous exceptions were reserved and are here insisted upon as being error. We have examined each of these rulings complained of and have reached the conclusion that, under the clear-cut issue of fact presented for the determination of the jury, no injury resulted to defendant in any of the rulings upon the admission or exclusion of the testimony. The evidence without dispute showed the corpus delicti, as there was no conflict in the evidence as to there being a complete still at the time and place designated; nor that the still was then and there being operated, with fire under the still and beer in the still, and large quantities of beer in barrels near by. The only issue of fact, therefore, for the determination of the jury was the connection of the defendant with the still and its operation. The jury decided this question adversely to defendant, and under the evidence adduced upon this trial they were fully warranted in so doing, as the evidence was ample to sustain the verdict of the jury and to support the judgment of conviction. Had the question of the corpus delicti been involved upon the trial of this case, many of the rulings here complained of should probably have been discussed. But, under the status of the evidence as disclosed, such errors as may have been committed by the court in its rulings upon the evidence could not have injuriously affected the substantial rights of defendant, who simply denied all connection with the possession or operation of the still. The statute expressly provides that a judgment of conviction must not be reversed, because of error in the record when the court is satisfied that no injury resulted therefrom to the defendant. Code

1907, § 6264. See, also, Supreme Court rule 45, 175 Ala. xxi (61 South. ix).

Let the judgment of conviction appealed from stand affirmed.

Affirmed.