(117 So. 498)

### THOMAS v. STATE. (6 Div. 268.)

Court of Appeals of Alabama. June 19, 1928.

Altman & Koenig and Thomas J. Roe, all of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. Appellant was indicted and tried for the offense of murder in the first degree. She was convicted of the offense of assault with intent to murder. Her sentence was fixed at imprisonment in the penitentiary for a term of not less than two years nor more than two years and one month. Code 1923, §§ 3303, 5268. The state's evidence tended to show that she committed a felonious assault upon one Andrew Thomas, her husband, from the effects of which he died. The testimony on behalf of appellant was to the effect that the said Andrew Thomas was not assaulted by appellant, but that he, in and while attacking her, shot himself in the stomach with his own pistol. And, further, that he did not die as the result, in any degree, of this pistol wound, but that he committed suicide by walking or jumping from the window of an upper story of the Hillman Hospital, in Birmingham. The verdict of the jury was an acquittal of all offenses, charged in the indictment, of a higher degree, than the offense named in said verdict. The only questions we will consider are those which grow out of the efforts of the state and defense to prove their respective contentions as to the fact and nature of any assault committed upon the deceased by the appellant.

It is made to appear from the record and bill of exceptions that, by the conviction of appellant of the offense charged, one Ann Thomas and one Lomax Thomas would become entitled to the proceeds of a certain life insurance policy upon the life of Andrew Thomas deceased. Lomax Thomas was one of the two witnesses testifying for the state as to the facts of the difficulty between appellant and her husband, Andrew Thomas, which difficulty, by the state's contention, culminated in the death, eventually, of Andrew Thomas. It further appeared that Lomax Thomas was active in the effort to have the beneficiary named in the life insurance policy referred to changed from Mary Thomas, this appellant, to Ann Thomas, the mother of deceased, and said Lomax Thomas, before the death of the said Andrew Thomas, and that, after the death of the said Andrew Thomas, the said Lomax Thomas was in full charge of his mother's interests, and was active in getting a lawyer to represent his mother's, or his, supposed claim in the proceeds of the policy referred to.

Upon the cross-examination of this witness, Lomax Thomas, by the appellant, and referring to his activities in the regard mentioned above, after he had stated that he was active in the premises, and that he was instrumental in employing an attorney to represent his mother, the appellant asked him:

"How much of that was you to get and how much was Calhoun to get?" (referring to his agreement with Mr. Calhoun, the attorney, for the division of the proceeds of the life insurance policy referred to, in the event a recovery could be had for his mother—which, as we have mentioned, was dependent upon the conviction of appellant). The state's objection to this question was sustained, and in this ruling of the trial court we think there was reversible error. The evidence sought

had a direct bearing upon the question of the fact vel non and degree of the pecuniary interest of the witness in the conviction of the appellant. Such evidence is always admissible on cross-examination. Weaver v. State, 17 Ala. App. 506, 86 So. 179.

The other questions raised will not likely arise on another trial.

Reversed and remanded.