1 So.2d 314

CRAWFORD v. STATE.

7 Div. 569.

Court of Appeals of Alabama.

March 4, 1941.

Rehearing Denied March 25, 1941.

Scott & Dawson, of Fort Payne, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

█ Generally, there is no impropriety in the refusal by the trial court of a charge which instructs the jury that they may consider certain specific testimony or a particular fact in making up their verdict, the reason being that undue emphasis is directed to the particular fact to which such charge is addressed. There is a limited, exceptional class of cases, however, which fall without this rule.

An exception to the rule, stated, has been held to exist where the instruction alludes to a particular witness or his testimony, as bearing upon his credibility. Charges of this kind assert correct propositions of law and should be given. Smith

v. State, 88 Ala. 73, 77, 7 So. 52; Hale v. State, 122 Ala. 85, 89, 26 So. 236; Hammond v. State, 147 Ala. 79, 89, 90, 41 So. 761; Adams v. State, 175 Ala. 8, 11, 57 So. 591; Penney v. McCauley, 3 Ala.App. 497, 500, 57 So. 510; 23 C.J.S., Criminal Law, p. 901, § 1308.

█ It is the duty of the jury to consider the testimony of a defendant in the light of his interest. A like duty inheres with reference to the testimony of any witness shown to have an interest which may bias his testimony. Instructions to the jury indicating such duty are proper. Tillis et al. v. State, 218 Ala. 527, 529, 119 So. 215; Weaver v. State, 1 Ala.App. 48, 61, 55 So. 956; Penney v. McCauley, supra; Shepard v. State, 20 Ala.App. 627, 104 So. 674; Blashfield's Instructions to Juries, 2nd Ed., Vol. 1, p. 765, Sec. 348.

█ In the instant case the appellant was prosecuted by one Noel Smith for a violation of Section 3230, Code 1923, by selling or exchanging a mule subject to the disease or affection known as "Choking"; said Smith being the recipient of the invalid animal and therefore the injured party. By the terms of the said Code Section, one-half of the fine imposed upon a defendant, "shall go to the party injured", in this case the prosecutor, Smith.

By proper written charge, duly requested in writing, the appellant sought to have the trial court instruct the jury in this regard, and that they were entitled to consider this fact in weighing Smith's testimony in the case. Such a charge was proper as expressive of the jury's duty in weighing the testimony of a witness thus declared by the law to have so real an interest in the result of the case.

The oral charge of the court omitted mention, altogether, of this important legal fact. The appellant was entitled to have the jury instructed upon this pertinent proposition of law, and in the refusal of said charge, duly requested by the appellant, the learned trial court fell into error.

It is deemed unnecessary to deal with the remaining insistences of error, a reversal of the judgment below being due and hereby ordered for the error noted above.

Reversed and remanded.