96 So.2d 592

**Henry H. BOLIN**

v.

**STATE.**

**6 Div. 288.**

Court of Appeals of Alabama.

June 28, 1957.

Cooper Mitch & Black, Birmingham, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley and Wm. C. Younger, Asst. Attys. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been found guilty under an indictment charging that he "did have in his possession for the purpose of making, producing or manufacturing a stink bomb, or a substitute or device therefor, to-wit, three fourths of a liquid ounce of ethyl mercaptan, one of the ingredients necessary or commonly used in making, producing, or manufacturing such stink bomb or substitute or device therefor, against the peace and dignity of the State of Alabama."

It is apparent that this charge was based upon that portion of Section 369, Title 14, Code of Alabama 1940, which reads:

"It shall be unlawful * * * for any person or persons to have in their possession for the purpose of making, producing or manufacturing any stink bomb, or tear gas bomb, or any substitute or device therefor, any of the ingredients necessary or commonly used in making, producing or manufacturing such stink bomb or substitute or device therefor."

By appropriate demurrer the appellant has raised and presented the question of the constitutionality of the quoted portion of Section 369, Title 14, Code of Alabama 1940, in light of the Fourteenth Amendment to the United States Constitution, and of Article 1, Section 6 of the Constitution of Alabama of 1901.

This court concluded that the above quoted portion of Section 369, supra, was unconstitutional in view of the doctrine of Carter v. State, 243 Ala. 575, 11 So.2d 764, in that it makes the mental attitude of the actor, which may have no effect at all, the sine qua non of the offense, and further, that the portion of Section 369 under consideration used words of no ascertainable meaning, and included within its scope acts

innocent of any relation to stink bombs, nor did the words set any ascertainable standard of conduct.

Being without authority to declare statutes unconstitutional, this court, under the provisions of Section 98, Title 13, Code of Alabama 1940, certified the question of the constitutionality of that portion of Section 369, supra, under consideration, to the Supreme Court.

A majority of the Justices of the Supreme Court, in response to our question, have held that the portion of Section 369, quoted, supra, is unconstitutional. See 96 So.2d 582.

It follows that the judgment of guilt of this appellant must be reversed, and rendered.

It is therefore ordered that the judgment of the court below be reversed, and judgment is here rendered discharging this appellant from further prosecution in this proceeding.

Reversed and rendered.