103 So.2d 796

Willie **ANDERSON**

v.

**STATE.**

**8 Div. 970.**

Court of Appeals of Alabama.

Nov. 26, 1957.

Rehearing Denied March 18, 1958.

Rogers, Howard & Redden, Birmingham, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment, containing two counts, in the first charged that appellant did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, etc., and in the second that he had in his possession a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages. The jury returned a verdict of guilty to both counts of the indictment.

According to the State's evidence J. P. Couch discovered a still on land owned by him but which was leased to one Law. Mr. Couch testified he saw appellant, Law and a man unknown to him standing three or four feet from the still. Law was holding something in his hands, which in witness' judgment was a metal valve, and appellant was working with this metal object.

Appellant asked if Mr. Couch intended to report the incident to the police. He followed witness out of the woods and into the edge of the field, angrily demanding to know whether Mr. Couch was going to tell the law. He then went back in the direction of the still. Mr. Couch telephoned the sheriff and reported the still.

Mr. Couch testified he wouldn't know what a still was, but he described the apparatus he saw as something round, partly buried in the ground, with something in the center 18 to 20 inches high. There was a fire, "a small blue-looking blaze." "Under the barrel over here, there was a jug (indicating) and a funnel in it, and some cotton in the funnel." Whiskey was dripping through the funnel into the jug. A small pipe ran from a barrel to the still, which, in his judgment, carried fuel oil to the burner.

Mr. Couch returned to the still with the sheriff and his deputies in about an hour. The same outfit was there, with the exception of the cap or barrel on top of the still, and no whiskey was dripping into the jug.

Sheriff Collier testified Mr. Couch directed him to the still site. The still was the round tank type of approximately 500 gallon capacity. It was almost full of steaming hot mash, containing alcohol. The still was complete except for the condenser and the oil burner. There was no use for the condenser until whiskey is actually being run off. The thump keg was still wet from steam. A glass jug contained two gallons of whiskey. The sheriff did not see appellant or anyone else at the still. In his judgment the still operation had been shut down before the run was complete.

Mr. Law was discovered seventy yards from the still. He was sitting beside the trail with twenty-five gallons of freshly made whiskey

The sheriff testified the fuel oil container was elevated about four feet so that oil would run from the tank to the burner. The flow of oil is controlled and regulated by a metal valve or faucet. No valve or faucet was found at the still.

The defendant denied any connection with the still. His evidence and that of certain of his witnesses tended to establish an alibi. Their testimony was that defendant was in Huntsville on the day in question.

Defendant also testified to previous bad feeling between himself and State's witness Couch. There was also evidence tending to show Mr. Couch's bad general reputation and his bad reputation for truth and veracity.

In rebuttal the State presented evidence tending to establish Mr. Couch's good reputation and the bad reputation of defendant and one of his witnesses.

■ Appellant insists that the State's evidence shows no more than his mere presence at a still on lands not belonging to him, and that this evidence, coupled with appellant's inquiry as to whether or not Mr. Couch intended to report the incident to the authorities, not amounting to a confession, is insufficient basis for a conviction.

It is also argued that the proof shows that Mr. Couch did not know what a still was; that it is undisputed that when the officers arrived the still was not complete and there is no evidence that the parts found were commonly or generally used for, or suitable to be used in the manufacture of prohibited liquors or beverages, as provided by Section 132, Title 29, Code 1940.

In Elmore v. State, 21 Ala.App. 410, 109 So. 114, certiorari denied 215 Ala. 21, 109 So. 114, the court said:

"We have held in many cases that the mere presence of a person at a still was not sufficient to overcome the presumption of innocence which attends a defendant charged with, and who is on trial for, a criminal offense. * * * This general statement, while still adhered to, cannot be so extended as to invade the province of the jury in passing upon the guilt or innocence of a defendant, whose acts or conduct raises other presumptions tending to connect him with the manufacture of whiskey or the possession of a still. Wherever a defendant is shown to be present at a still, any fact or circumstance, however slight, tending to show participation either as a principal or as aider or abettor may authorize the jury to find a verdict of guilt which will not be disturbed on appeal."

In Hicks v. State, 21 Ala.App. 169, 106 So. 205, it was said:

"When the undisputed evidence in the case discloses a complete still in operation and whiskey actually running out of it, as here, this of itself is manifestly sufficient, without additional evidence, that the apparatus or still is suitable to be used in the manufacture of alcoholic liquor."

Mr. Couch's testimony was sufficient to show that the outfit here was suitable to be used in the manufacture of prohibited liquors, and it was unnecessary that such additional proof be made as to the articles found by the sheriff.

The facts and circumstances presented jury questions and were sufficient to sustain the judgment of conviction under both counts of the complaint. There was no error in overruling the motion to exclude the State's evidence, refusing the general charge as to each count or denying the motion for a new trial on the ground of the insufficiency of the evidence.

Defendant's counsel proved by the sheriff on cross examination that for each defendant convicted in this class of cases, the sheriff, his deputies, or another person, receives a $50 reward.

Mr. Couch, on cross examination, testified he had heard that a reward was paid to the sheriff and the informer, but to the best of his recollection he had never discussed the matter with the sheriff, however he would not swear positively to such fact.

In rebuttal the sheriff stated on direct examination that the reward had never been mentioned between himself and Mr. Couch.

The State's objections were sustained to these questions propounded to the sheriff on cross examination:

"Q. As the usual procedure, when you draw the reward for the conviction of some person do you divide that with the informer?

"Q. Did you have any arrangement with any informer to pay them a part of that reward?"

It is always permissible to show the pecuniary interest of a witness in the result of a trial, for the purpose of affecting the credibility and weight of his evidence. Beverly v. State, 27 Ala.App. 374, 173 So. 397, certiorari denied 234 Ala. 31, 173 So. 399; Weaver v. State, 17 Ala.App. 506, 86 So. 179. But the sheriff's usual procedure and any arrangement he might have had with any informer other than Mr. Couch was not material to any issue involved upon the trial of this case.

**404**

Moreover, we fail to find error in the court's ruling for the further reason that under the statute the reward "does not necessarily go to the sheriff, but may go to another according to the evidence." Weaver v. State [17 Ala.App. 506, 86 So. 180] supra; Title 29, Section 102, Code 1940.

■ Appellant argues as error the court's refusal to give, at defendant's request, charges 20 and 6.

Given charge 19, and the trial court's explanation of same, substantially covers charge 20.

Charge 6 was fairly and substantially covered by given charge 4.

Other charges refused to defendant were covered by the court's oral charge or charges given at defendant's request, or were incorrect propositions of law or were otherwise faulty.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed

On Rehearing

Counsel states in brief that he finds no basis for the statement that defendant "angrily demanded" anything of Mr. Couch. Mr. Couch's testimony was that defendant, "come running around the still and said, 'I want you to tell me what you are going to do. Are you going to tell the law?' * * * So I started out the trail way to the field, him following me wanting to know what I was going to do; 'Tell the law.' * * * So when I got out of the woods into the sericea border between the field and the woods, He said, 'Wait and talk to me. I am a man like you are.' * * He come in my face and shook his finger and said, 'What are you going to do? Going to tell the law?'"

Application overruled.