115 So.2d 270

**Lester Bemay DIXON**

**v.**

**STATE of Alabama.**

**8 Div. 983.**

Supreme Court of Alabama.

June 25, 1959.

Rehearing Denied Sept. 17, 1959.

See also 115 So.2d 269.

———◆———

MacDonald Gallion, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for petitioner.

Claud D. Scruggs, Guntersville, opposed.

GOODWYN, Justice.

We granted certiorari on the State's petition to review the decision of the Court of Appeals in the case of Dixon v. State, Ala. App., 115 So.2d 262, rendered after our reversal and remandment of the case to that court in a prior certiorari proceeding (Dixon v. State, Ala.Sup., 115 So.2d 269 [1]). On remandment, the Court of Appeals held that the trial court committed reversible error in refusing to give the following written charge requested by the defendant, viz.:

"B–1 I charge you gentlemen of the jury that under the law the person or officer furnishing the proof in a case of Distilling or for Possession (sic) a Still are entitled to collect a

---

1. Post, p. 593.

fee for such services under the law from the State of Alabama and you have a right to take into consideration any interest that the evidence shows any witness in the case may have in the out come of the case in arriving at your verdict in this case."

It is our view that the charge is not an adequate statement of the applicable law and that its refusal was not error.

Code 1940, Tit. 29, § 102, as amended by Act No. 699, appvd. Sept. 17, 1953, Acts 1953, Vol. II, p. 954, provides as follows:

"Whenever any person is convicted in the circuit court of unlawfully distilling or manufacturing or making any of the prohibited liquors or beverages as defined by this title, there shall be charged to the Alabama alcoholic beverage control board to be paid by them the sum of fifty dollars out of the funds used by the board for the purchase of alcoholic beverages, to be allowed the sheriff or other officer or person who furnished the evidence and brought about the conviction, and who shall satisfy the presiding judge that he is the person entitled to said sum, and shall receive from the judge a certificate to that effect."

Code 1940, Tit. 29, § 134, provides, in pertinent part, as follows:

"When any person is convicted of violating the provisions of sections 131 and 132 of this title [making unlawful the possession, etc., of a still], there shall be charged in the bill of cost the sum of twenty-five dollars, to be allowed the person who furnished the evidence and brought about the conviction of any person or persons for the violation of the said referred to statutes. * * *"

It is to be noted that both § 102, as amended, and § 134, provide for a fee only when there is a conviction, while requested charge B–1 states the law to be that "the person or officer furnishing the proof" in a distilling or possession case is "entitled to collect a fee." In other words, charge B–1 fails to state the law in conformity with the above statutes authorizing the payment of fees to persons in prohibited liquor cases. What charge B–1 says, in effect, is that anyone furnishing proof is entitled to a fee whether there is a conviction or not. Such is not the law and the trial court should not be put in error for refusing to so charge the jury.

The State insists that there are also other reasons why the refusal of charge B–1 was not prejudicial error. In view of what has been said there is no need to discuss these other reasons.

Reversed and remanded.

All the Justices concur.