(114 So. 789)

RICHARDSON v. STATE. (1 Div. 770.)

Court of Appeals of Alabama. Dec. 20, 1927.

Q. W. Tucker, of Grove Hill, and Granade & Granade, of Chatom, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

SAMFORD, J. The dead body of Thos. B. Baxley was found floating in an eddy of the Tombigbee river at a point below Jackson's Ferry in Clarke county. The undisputed evidence is that he was alive when he got into the water, and that the immediate cause of his death was drowning. The last time Baxley was seen alive was on the night of February 27th, at which time he was in company of this defendant and his brother, who is here jointly indicted, and all of them were drunk, and had been for some hours. The movements of these parties were traced over several miles of territory, riding in a Ford car, which belonged to Baxley. There is an entire absence of any evidence from which the jury would be authorized to infer that Baxley met his death at the hands

of some other person. To establish the corpus delicti in a homicide case, it is incumbent upon the state to prove by facts and circumstances the fact of death of a person, and the criminal agency of another person as the cause thereof. 13 R. C. L. 736, par. 40. Both of these essential propositions are generally for the determination of the jury, and both must be proved beyond a reasonable doubt. But, where there is no proof of either one of the necessary ingredients, the question is for the court. Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L. R. A. (N. S.) 536. In other words, it takes both the fact of death and of criminal agency to constitute a crime.

■ The sufficiency of the proof necessary to establish the corpus delicti is a question for the jury, and not for the court, but there must be evidence tending to establish the two necessary elements before it becomes a jury question, and this evidence must be independent of any confession or inculpatory statements of the party charged with the crime. Sanders v. State, supra; Winslow v. State, 76 Ala. 42.

■ Until a proof has been offered by the state sufficient to make it appear prima facie that a crime has been committed, confessions, admissions, and inculpatory statements in the nature of confessions, claimed to have been made by defendant, are not admissible in evidence. Or as stated in Braxton v. State, 17 Ala. App. 167, 82 So. 657:

"The corpus delicti must be established to the satisfaction of the court by evidence, prima facie, as a predicate for the introduction of evidence of a confession or of inculpatory admissions directly connecting the defendant with the offense charged, the sufficiency of the proof on the question of guilt being for the jury." Braxton's Case, supra; Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L. R. A. (N. S.) 536; Clisby v. State, 17 Ala. App. 475, 86 So. 140.

As was said in Sanders v. State, supra, and quoted in Clisby v. State, supra, there was evidence of the corpus, but none of the delicti.

■ It follows, therefore, that the court committed reversible error in admitting that line of testimony tending to prove inculpatory statements attributed to defendant, after the disappearance of Baxley, without proof prima facie establishing the delicti of the offense charged.

■ There are a number of charges copied in the record under a heading by the clerk: "Refused charges for defendant," but none of these charges are marked "Refused" by the court, as required by statute, and hence are not considered.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.