156 So. 642

## JORDAN v. STATE.
### 3 Div. 744.

Court of Appeals of Alabama.
March 6, 1934.

Rehearing Denied April 17, 1934.

McCord & McCord and E. G. Pilcher, all of Gadsden, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was indicted for a violation of the provisions of Code 1923, § 3465, viz. demanding money for his vote or official influence, etc., as a member of the Legislature, etc. He was, upon his trial under said indictment, convicted, and his punishment duly fixed at imprisonment in the penitentiary for an indeterminate term of from two years to two and a half years.

■ Each of the five counts of the indictment followed substantially the language of the Code section named; and all of the demurrers interposed were properly overruled. Sturdivant v. State, 25 Ala. App. 148, 142 So. 116; 31 C. J. 708.

■ The state's testimony tended to make out every element of the corpus delicti before the testimony was elicited as to what appellant terms a "confession." This removes the question of the improper, vel non, admission of the testimony referred to from the influence of the holding by this court, so strongly relied upon by appellant, in Richardson v. State, 22 Ala. App. 277 (headnote 5), 114 So. 789.

■ The testimony as to the conversations, etc., in the presence of the Governor and others, in which appellant participated, and as to statements, admissions, denials, etc., by appellant, regarding the bill which had been introduced in the Senate, of which he was a member, by him, etc., seems to us to be not of a "confession," but to fall directly under the classification of "inculpatory admissions of collateral facts." As to these, as pointed out by the Supreme Court in the opinion in the case of Read v. State, 195 Ala. 671, 71 So. 96, "no predicate of voluntariness need be laid in order to render the admissions admissible in evidence." See Crenshaw v. State, 225 Ala. 346, 142 So. 669.

■ But, if we are wrong in what we have held in the next preceding paragraph, we are yet of the opinion, and hold, that it clearly appears from the appellant's own testimony while testifying as a witness in his own behalf that there was no improper inducement by threats, promises, etc., or otherwise, to the making of the statements which were allowed to be detailed in the evidence. Hence no error was committed in their admission without first qualifying each witness testifying to same as to threats made, promises given, etc., as might have been done.

The testimony of the witness Castleberry, it seems to us, and we hold, without detailing same, was sufficient to require a submission of the case to the jury on each of the five counts of the indictment. There was hence no error in refusing any of the duly requested, variously phrased, general affirmative charges to find in appellant's favor.

No error appears in the refusal of any of the other written requested charges. If in any instance they were correct and ought otherwise to have been given, we find the substance of same to have been, either in the trial court's oral charge, or in some one or more of the numerous charges given at appellant's request, given to the jury. This was good reason for their refusal. Code 1923, § 9509.

The closing argument of the solicitor to the jury, which has been incorporated in the bill of exceptions in extenso, was vigorous—vigorous in the extreme.

■ But appellant is shown to have been represented in the court below, as here, by able counsel. They interposed no objection to any portion of said argument, but contented themselves with making it, and numerous separate portions of it, a basis for asking, etc., that the verdict, etc., be set aside and appellant granted a new trial.

We entertain no doubt that the distinguished counsel representing appellant, proficiently versed, as we know them to be, in the law, felt that the objectionable nature of portions of the remarks of the solicitor would react upon the jury in a manner favorable to their client. And this was as good a guess as any, only it appears here not to have been, perhaps, a profitable one.

The well-known rule is, we believe, that, for improper argument to the jury by the solicitor to avail appellant on appeal there must have been interposed promptly, upon the making of said argument, appropriate objection by appellant, a ruling by the court, and exception thereto, or a refusal of the court to rule on the question presented by the objection. This

unless, as is here contended, the remark or argument of counsel is so "grossly improper and highly prejudicial to the opposing party (appellant here) as that neither retraction nor rebuke by the trial court would have destroyed its sinister influence." Anderson v. State, 209 Ala. 36, 95 So. 171, 179.

As is stated in the opinion in the Anderson Case, just cited, "no iron-clad rule exists by which the prejudicial qualities of improper remarks or argument of counsel can be ascertained in all cases, much depending upon the issues, parties, and general circumstances of the particular case."

Here we have carefully read and considered the entire argument above mentioned, of the solicitor to the jury trying the case. It was vehement, and radiates much force; was rather salty in spots; contained statements that were not proper and should have been excluded on motion. It is even possible the eager solicitor should have been, at points, rebuked. But we fail to observe anything in said argument "so grossly improper and highly prejudicial * * * as that neither retraction nor rebuke by the trial court would have destroyed its sinister influence." We are therefore without authority to adjudge the trial court in error for having refused to grant appellant's motion for a new trial, because of any improper argument of the solicitor, etc.

 Appellant contends vigorously that he was entitled to have given at his request the general affirmative charge, etc., because, though he was indicted as "E. D. Jordan, whose Christian name is to the grand jury otherwise unknown," as a matter of fact the said grand jury did know that his Christian name was "Elmer."

Upon this subject the learned trial court charged the jury, orally, as follows:

"It is required in Alabama that an indictment must be certain as to the person charged, and this is an old common law rule as well. It is not allowable to designate in an indictment a defendant who is charged with a criminal offense by the initial letters of his name when his true name is known. And if a defendant is indicted by his initials, and the indictment also contains the further averment that a defendant's Christian name is otherwise unknown to the grand jury, a defendant may escape conviction by proving on the trial the falsity of the averment that defendant's Christian name was unknown, the reason for this being that when a fact or name is known or proved to the grand jury, there is no warrant in law for averring that such fact or name is unknown; and if it appears on the trial that the fact or name was known, a conviction on the indictment could not be had, for there would be a variance between the allegation of the indictment and the proof. It was the duty of the grand jury to use proper diligence to ascertain the true Christian name of the defendant, and to allege it in the indictment, if the grand jury can do so. The law presumes that the grand jury has discharged that duty. And in this case whether the grand jury knew or did not know the true Christian name of the defendant is a question of fact for the jury, and the burden of proving that fact, and that his true Christian name was known to the grand jury, is on the defendant in this case; and if the defendant shows that his true Christian name was known to the grand jury as a body, and not to just some member of the grand jury who did not communicate defendant's Christian name to his fellows, then the indictment would not support a conviction."

As the testimony was in dispute on the point being discussed, the law, as just quoted, given to the jury by the trial judge, was correct, and obviates the necessity of further comment by us. See Turney v. State, 18 Ala. App. 539, 93 So. 325.

Appellant appears to have had, in every particular, a fair trial. The testimony fully warrants and sustains his conviction. We have searched, as it is our duty, the entire record for error prejudicial to his rights. But we find none. And the judgment of conviction is affirmed.

Affirmed.