177 So. 645
## WARD v. STATE.
### 8 Div. 521.

Court of Appeals of Alabama.
June 29, 1937.

Rehearing Denied Nov. 2, 1937.

Griffin & Ford, of Huntsville, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of arson in the second degree. His punishment was fixed at imprisonment in the penitentiary for an indeterminate term of from three to four years. Code 1928, § 3290. It was alleged in the count of the indictment which was submitted to the jury, properly, under the Code section cited, that he "with intent to defraud, set fire to or burned, or caused to be burned, or aided 'or procured the burning of [a storehouse, not within the curtilage of a dwelling house] belonging to himself."

We see no need for extended comment. But we have endeavored to perform our full duty under the provisions of Code 1928, § 3258.

One of the two main grounds upon which appellant's counsel urge, here, that the judgment of conviction be reversed, is that there was error in overruling the defendant's (appellant's) motion to set aside the verdict of the jury because the same was opposed to the "great weight of the evidence."

But we do not agree with them. And that's the end of that phase of the matter.

In our opinion in the case of Jordan v. State, 26 Ala.App. 122, 156 So. 642, 643, we said—and the Supreme Court did not criticize (Jordan v. State, 229 Ala. 297, 156 So. 644):

"The well-known rule is, we believe, that, for improper argument to the jury by the solicitor to avail appellant on appeal there must have been interposed promptly, upon the making of said argument, appropriate objection by appellant, a ruling by the court, and exception thereto, or a refusal of the court to' rule on the question presented by the objection. This unless, as is here contended, the remark or argument of counsel is so 'grossly improper and highly prejudicial to the opposing party (appellant here) as that neither retraction nor rebuke by the trial

court would have destroyed its sinister influence.' Anderson v. State, 209 Ala. 36, 95 So. 171, 179.

"As is stated in the opinion in the Anderson Case, just cited, 'no iron-clad rule exists by which the prejudicial qualities of improper remarks or argument of counsel can be ascertained in all cases, much depending upon the issues, parties, and general circumstances of the particular case.' "

■ In the instant case, as in the case from the opinion in which the above excerpt is quoted, the appellant is shown to have been represented on the trial below, as here, by able counsel. They interposed no objection to the portion of the argument of the special prosecutor assisting the solicitor now made the subject of complaint; but contented themselves with making it one of' the grounds for asking that the verdict of the jury be set aside.

As in the Jordan Case, so here: "We entertain no doubt that the distinguished counsel representing appellant, proficiently versed, as we know them to be, in the law, felt that the objectionable nature of [a] portion[s] of the remarks of the [special prosecutor assisting the] solicitor would react upon the jury in a manner favorable to their client. And this was as good a guess as any, only it appears here not to have been, perhaps, a profitable one."

We do not care to quote the grossly improper remark in question. Grossly improper it certainly was. So much so that we are fully persuaded that its tendency must have been to prejudice the jury against the unkind (and, in this instance, very unfair) special prosecutor, rather than against the defendant (appellant).

But, if that were not true, we are yet clear to the conclusion that a timely rebuke by the trial court, which would have undoubtedly been administered had objection to the remark been interposed, or even a retraction by the said special prosecutor, which would just as undoubtedly have been made, had his attention been called to his error, would have completely destroyed any "sinister influence" of the said remark.

We are therefore without authority to adjudge the trial court in error for having refused to grant appellant's motion for a new trial because of the improper

argument of the special prosecutor in the case.

Other questions apparent seeming obviously not to involve error prejudicial to appellant will not be discussed.

The judgment is affirmed.

Affirmed.