171 So.2d 84

**Joe Ann THOMAS**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 1.**

Court of Appeals of Alabama.

Oct. 6, 1964.

Rehearing Denied Oct. 27, 1964.

Arthur Shores and Orzell Billingsley, Jr., Birmingham, Jack Greenberg, Norman C.

Amaker and Chas. H. Jones, Jr., New York City, for appellant.

Wm. C. Walker and J. Louis Wilkinson, Birmingham, for appellee.

CATES, Judge.

This is an appeal from conviction of breach of an ordinance forbidding, among other things, remaining on lands of another after being warned not to. Birmingham City Code 1944, § 1436, as amended. The appellant was fined $80.00 and costs.

On April 22, 1963, the assistant manager of Atlantic Mills Thrift Center in Birmingham, at the direction of the manager, asked the appellant to leave the parking lot. The appellant was walking to and fro holding a placard bearing a text not shown.

The point from which she was ordered was used for parking and access for pedestrians to go to the store. It was about two hundred yards from the public sidewalk since the store was set back half a block.

At that time the City had a number of subsisting ordinances calling for segregation, viz.: §§ 369, 597, 859, 939, 1110 and 1111 of the General Code of the City of Birmingham 1944.

Section 369, supra (repealed July 23, 1963), required segregation of white and colored persons in restaurants. Gober v. City of Birmingham, 373 U.S. 374, 83 S.Ct. 1311, 10 L.Ed.2d 419.

Section 597, supra (also repealed), forbade Negroes and white persons to play together at cards, dice, dominoes or checkers. Likewise, the owner or keeper of a tavern, inn, restaurant or other public house was punishable for knowingly permitting such playing together on his premises.

Section 859, supra (repealed since), segregated audiences at theatres, etc.

Section 1110 and 1111, supra (repealed), required separate toilet facilities both as to sex and race in work places.

There was no evidence that the appellant was seeking to enter the Atlantic Mills Thrift Center. Her brief reads in part:

"During the month of April, 1963, Birmingham was the scene of many demonstrations by Negroes protesting racial segregation in facilities open to the public, and although the lunch counter [in Atlantic Mills Thrift Center] was closed, a city ordinance of the city required racial segregation at the lunch counter. See Section 369 of the General Code of Birmingham (1944)."

We have this day reversed and rendered King v. City of Montgomery, Ala.App., 168 So.2d 30 [1] and Embry v. City of Montgomery, post p. 694, 168 So.2d 495, on authority of Robinson v. Florida, 378 U.S. 153, 84 S.Ct. 1693, 12 L.Ed.2d 771.

We fail to see any connection between the instant case and Robinson v. Florida, supra, Peterson v. Greenville, 373 U.S. 244, 83 S.Ct. 1119, 10 L.Ed.2d 323, and Lombard v. Louisiana, 373 U.S. 267, 83 S.Ct. 1122, 10 L.Ed.2d 338, except under the up-to-now minority views of Douglas and Goldberg, JJ., voiced in Bell v. Maryland, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822.

See also Banks v. State, ante p. 519, 170 So.2d 417.

The judgment below is due to be

Affirmed.

1. Ante p. 462.