BOWEN, Judge.
The defendant was indicted for the first degree murder of Helen Whatley by “beating her with his fists, or by stomping or kicking her with his feet, or by striking her with a blunt instrument”. A jury convicted him of manslaughter in the first degree and fixed sentence at seven years’ imprisonment. The only issue on appeal is whether the State presented sufficient evidence to establish a causal connection between the injuries inflicted by the defendant and the death of the deceased.
The evidence is uncontested that the defendant and Ms. Whatley became engaged in an argument which resulted in a fight. In a confession and at trial the defendant admitted striking the deceased with a “stick” although he maintained that he only struck her four times at the most. The defendant asserted that Ms. Whatley was alive, although highly intoxicated, when he left.
A post-mortem examination of the deceased revealed “multiple contusions and abrasions”. In his report, Toxicologist Daniel M. Avery states, “No anatomical cause of death can be demonstrated at autopsy”. Avery concluded: “In my opinion, the cause of death is massive pulmonary fat embolization. The fat was most likely introduced into the circulatory system as a result of the extensive blunt force trauma sustained by the decedent.”
At trial Avery testified that “in my opinion the cause of death is fat emboli as a result of the blunt force trauma which I have described”. He explained that trauma to the areas of the body that have a lot of fat tissue (the buttocks, the thighs, and the arms) holds the capability of dislodging fat into the bloodstream. The fat is carried to the lungs where it becomes lodged in the vessels “similar to what would happen with a clot”. The lungs “just stop up” and death results. He stated that the time of death was “very variable”.
In a homicide prosecution the burden is on the State to prove a causal connection between the injuries inflicted by the defendant and the death of the deceased. Welch v. State, 45 Ala.App. 657, 658, 235 So.2d 906 (1970).
“The possibility that a thing may occur is not alone evidence, even circumstantial, that the thing did occur.” Bluth v. State, 38 Ala.App. 692, 697, 92 So.2d 685, *358 690 (1957). Cozart v. State, 42 Ala.App. 535, 541-542, 171 So.2d 77, cert. denied 277 Ala. 698, 171 So.2d 84 (1964).
Expert testimony that the injuries inflicted by the defendant are “probably associated” with the death of the deceased is too vague to support a murder verdict. Welch, 45 Ala.App. at 658, 235 So.2d 906. Testimony which, at best, indicates that the defendant’s assault on the deceased “probably” caused the death will not support a conviction. Welch, 45 Ala.App. at 661, 235 So.2d 906.
While the toxicologist’s report of the autopsy does employ the phrase “most likely”, the toxicologist’s testimony at trial was more certain and not couched in such speculation and conjecture. His testimony, read in its entirety, leaves no doubt that death was caused by a massive pulmonary fat embolization which resulted by the trauma and bruises inflicted upon the deceased. The fact that the toxicologist’s testimony was based upon his “opinion” did not render such testimony speculative or conjectural. White v. State, 294 Ala. 265, 314 So.2d 857, cert. denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975).
Here the actual causation of death, the corpus delicti, is not subject to the defect discussed in Welch. Our review of the record convinces us that there was sufficient evidence of causal connection to establish the corpus delicti. Hence the issue was properly submitted to the jury. Kontos v. State, 363 So.2d 1025 (Ala.Cr.App.1978); Richardson v. State, 22 Ala.App. 277, 114 So. 789 (1927).
It is true, as the defendant argues, that Avery did state that he “couldn’t say” that if the deceased “got hit at 2:30 on Sunday afternoon that by 7:00 that night the fat would dislodge, get into her bloodstream, and be transported to her lungs to kill her”. Avery testified that the longest period from injury to death in similar cases of which he had heard was two days and that he had not heard of “the quickest or shortest time”. However he also testified that the bruises could have been caused on Sunday; that they were consistent with having been sustained on Sunday afternoon; and that “this fat embolism and breaking down of the fat from these bruises was the cause of death”.
We have searched the record and found no error prejudicial to the defendant. The judgment of the circuit court is affirmed.
AFFIRMED.
HARRIS, P. J., and TYSON, DeCARLO, JJ, concur.
BOOKOUT, J., not sitting.