JONES, Justice.
We granted the petition for writ of cer-tiorari to review the Court of Criminal Appeals’ “no opinion” affirmance of the petitioner’s conviction for attempting to obtain a controlled substance by use of a forged prescription. The primary issue presented to the Court of Criminal Appeals (and the issue presented here) was whether the trial court erred in denying the defendant’s motion for directed verdict of acquittal on the ground that the State failed to prove a prima facie case, contrary to prior holdings of this Court and the Court of Criminal Appeals.
The facts, supplied by petitioner’s Rule 39(k), Ala.R.App.P., statement and verified from the record, are substantially as follows: The defendant (as the driver) remained in the automobile (owned by one of the two female passengers), with two small children, while the two females went inside a drugstore to have a prescription filled. The druggist became suspicious and called the police, who determined that the prescription, for a controlled substance, was forged. A fingerprint check showed that the defendant’s fingerprint was on the prescription. The testimony of the two females, both of whom pleaded guilty to the offense, did not implicate the defendant but did show that the prescription was passed through him from the one who had earlier forged it to the one who had attempted to have it filled. The defendant also stated to the police that, after the two females failed on their attempt to have the prescription filled, he began to think that “she” (one of the females) might be “trying to pull something.”
The issue, then, is whether these circumstances are sufficient to create a reasonable inference from which the jury may be convinced beyond a reasonable doubt of the defendant’s guilt. We hold they are not; thus, we reverse the judgment of affirmance of the Court of Criminal Appeals, remand the cause, and instruct that court to reverse the conviction and render a judgment for the defendant.
An “attempt” is defined in Ala.Code 1975, § 13A-4-2(a):
“(a) A person is guilty of an attempt to commit a crime if, with the intent to *742 commit a specific offense, he does any overt act towards the commission of such offense.”
Lollar v. State, 398 So.2d 400 (Ala.Cr.App.1981), states:
“The mere presence of a person at the time and place of a crime is not sufficient to justify his conviction for the commission of the crime.” 398 So.2d at 402.
See Thomas v. State, 363 So.2d 1020, 1023 (Ala.Cr.App.1978).
The State contends that its proof of the defendant’s fingerprint on the prescription and the defendant’s voluntary statement following his arrest, when coupled with the defendant’s presence at the drugstore, supply the requisite circumstances to make out the State’s prima facie case. We disagree. The State relied upon the testimony of the defendant’s two female companions to prove its case against the defendant. Both of these witnesses, admitting guilt on their part, told a consistent story to the effect that the defendant’s only connection with the subject offense was that he passed the “folded” prescription from the pocket of one female to the other female. According to these two witnesses, the female on the front seat of the car was holding her two children and, when they stopped at the first drugstore, she asked the defendant to remove the prescription from her pocket and pass it to the other female on the back seat of the car. They both testified that the defendant had no knowledge of their intent to have the forged prescription filled. Thus, the defendant’s fingerprint on the prescription is totally consistent with the only testimony bearing on this factual issue.
The defendant’s statement to the police that he had begun to think that one of his two female companions might be “trying to pull something” is an expression of a mere suspicion on his part and cannot be reasonably interpreted, under the totality of these circumstances, as an inculpatory statement indicating on his own involvement in the offense.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Justices concur.